IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG, INCORPORATED, <br><br> Plaintiff, <br><br> v. <br><br> STURM FOODS, INC., <br><br> Defendants. | Civil Action No. 10-841-SLR |

**[PROPOSED] ORDER ON KEURIG, INCORPORATED'S
MOTION FOR PRELIMINARY INJUNCTION**

At Wilmington, this ___ day of _____, 2010, having considered the evidence and arguments submitted by the parties regarding Keurig, Incorporated's Motion for a Preliminary Injunction,

The Court finds that Keurig, Incorporated has demonstrated (1) a likelihood of success on the merits of its action for trademark infringement, unfair competition, and false advertising; (2) that it will suffer irreparable harm if this injunction does not enter; (3) that granting preliminary relief will not result in any greater harm to Defendant Sturm Foods, Inc.; and (4) that the public interest favors such relief.

These factual findings are further discussed in the Court's Opinion dated _____, 2010.

Accordingly, IT IS HEREBY ORDERED that:

    1.    Sturm Foods, Inc., its officers, agents, representatives, servants, employees, and attorneys, and those persons and entities in active concert or participating with them who receive actual notice of this Order by personal service or otherwise are hereby enjoined from using the mark KEURIG or any other mark owned by Keurig, Incorporated in association

with single-serve cartridges, including but not limited to: cartridge packaging, advertising, and trade materials.

2. Sturm Foods, Inc., its officers, agents, representatives, servants, employees, and attorneys, and those persons and entities in active concert or participating with them who receive actual notice of this Order by personal service or otherwise are hereby enjoined further distributing its single-serve beverage cartridges.

3. Sturm Foods, Inc., its officers, agents, representatives, servants, employees, and attorneys, and those persons and entities in active concert or participating with them who receive actual notice of this Order by personal service or otherwise are hereby enjoined from stating or suggesting that its single-serve beverage cartridges are compatible for use with Keurig, Incorporated's brewers.

4. Within 7 days of this Order, Sturm Foods, Inc. shall provide a copy of this Order to its officers, agents, representatives, servants, employees, and attorneys, and those persons and entities in active concert or participating with them who design, implement or otherwise work on the packaging and advertising materials for Sturm Foods, Inc.'s single-serve cartridges. At the same time, Sturm Foods, Inc. shall file a certificate of compliance with this paragraph with the Court with a copy to be served simultaneously on Keurig, Incorporated.

5. Within 2 weeks, all Sturm Foods, Inc. single-serve cartridges bearing any trademark owned by Keurig, Incorporated or any suggestion that the

        single serve beverage cartridges are compatible for use with Keurig, Incorporated's brewers will be removed from the retail marketplace.

6.     This Order shall take effect within 7 days of execution by the Court and shall continue in effect until a final determination on the merits of Keurig, Incorporated's trademark and trade dress claims has been made by this Court.

SO ORDERED:

_____
United States District Judge

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on October 18, 2010, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire [*rhorwitz@potteranderson.com*]
> David E. Moore, Esquire [*dmoore@potteranderson.com*]
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street, 6th Floor
> Wilmington, Delaware 19801

Additionally, I hereby certify that on October 18, 2010, copies of the foregoing document were served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated below:

## BY E-MAIL

> Craig S. Fochler, Esquire *[cfochler@foley.com]*
> Foley & Lardner LLP
> 321 N. Clark Street
> Suite 2800
> Chicago, IL  69654-5313

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*
_____
Karen E. Keller (No. 4489) [*kkeller@ycst.com*]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302)-571-6600

*Attorneys for Plaintiff Keurig, Incorporated*
