# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG INCORPORATED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 10-841-SLR |
| v. | ) |
| | ) |
| STURM FOODS, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS IN PART PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

OF COUNSEL:

Craig S. Fochler
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Tel: (312) 832-4500

Allen A. Arntsen
FOLEY & LARDNER LLP
Verex Plaza
150 East Gilman Street
Madison, WI 53703
Tel: (608) 257-5035

Dated: November 4, 2010
988519/35644

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Sturm Foods, Inc.*

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................... 1

II.   SUMMARY OF ARGUMENTS ......................................................................... 1

III.   NATURE AND STAGE OF PROCEEDINGS .................................................... 2

IV.   STATEMENT OF FACTS ................................................................................. 2

V.   ARGUMENT ...................................................................................................... 4

    A.    Standard For Dismissal Pursuant To Rule 12(b)(6) ............................... 4

    B.    Keurig's Claims For Indirect Patent Infringement Under Counts I And II Of The Amended Complaint Fail To State A Claim And Should Be Dismissed .............................................................................................. 5

        1.    The Amended Complaint Fails to Allege the Elements of Inducing Infringement ................................................................... 7

        2.    The Amended Complaint Fails to Allege the Elements of Contributory Infringement ......................................................... 8

    C.    Counts III, IV, and VII-IX Of The Amended Complaint Should Be Dismissed As Barred By Nominative Fair Use ................................... 10

        1.    Sturm's Use Of The KEURIG Mark Is A Nominative Fair Use, And, Therefore, Counts III, IV, And VIII-IX Should Be Dismissed ....... 10

        2.    Sturm's Fair Use Of The KEURIG Mark Is, By Statute, Non-Dilutive And Keurig's Trademark Dilution Claims Must, Therefore, Be Dismissed ......................................................... 15

    D.    Count X Of The Amended Complaint For Unjust Enrichment Is Duplicative, Seeks Recovery For Lawful Conduct, And Should Be Dismissed ............................................................................................ 17

VI.   CONCLUSION ................................................................................................. 20

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009)................................................................1, 4, 6, 9

*Banjo Buddies, Inc. v. Renosky,*
    399 F.3d 168 (3d Cir. 2005)...............................................................19

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)............................................................................1, 4, 6

*Braintree Labs., Inc. v. Schwarz Pharma, Inc.,*
    568 F. Supp. 2d 487 (D. Del. 2008)....................................................17

*Buck v. Hampton Township Sch. Dist.,*
    452 F.3d 256 (3d Cir. 2006)...............................................................4

*Cantor Fitzgerald, L.P. v. Cantor,*
    724 A.2d 571 (Del. Ch. 1998).............................................................17

*Century 21 Real Estate Corp. v. LendingTree, Inc.,*
    425 F.3d 211 (3d Cir. 2005)......................................................*passim*

*Christopher v. Harbury,*
    536 U.S. 403 (2002)...........................................................................4

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.,*
    424 F.3d 1293 (Fed. Cir. 2005)..........................................................9

*Digene Corp. v. Ventana Med. Sys., Inc.,*
    476 F. Supp. 2d 444 (D. Del. 2007)....................................................18

*DSU Med. Corp. v. JMS Co., Ltd.,*
    471 F.3d 1293 (Fed. Cir. 2006)..........................................................7

*Dynacore Holdings Corp. v. U.S. Philips Corp.,*
    363 F.3d 1263 (Fed. Cir. 2004)..........................................................5

*Fowler v. UPMC Shadyside,*
    578 F. 3d 203 (3d Cir. 2009)..............................................................5

*Frontrange Solutions USA, Inc. v. Newroad Software, Inc.,*
    505 F. Supp. 2d 821 (D. Colo. 2007)..................................................16

*Giles v. Med. Contractors CMS,*
    680 F. Supp. 2d 633 (D. Del. 2010).....................................................4, 5

*Halton Co. v. Streivor, Inc.*,
No. C 10-00655-WHA, 2010 WL 2077203 (N.D. Cal. May 21, 2010) ...............................8, 9

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*
153 F.3d 1318 (Fed. Cir. 1998)...........................................................................................17

*In re Donald J. Trump Casino Secs. Litig. – Taj Mahal Litig.*,
7 F.3d 357 (3d Cir. 1993)....................................................................................................4

*King Instruments Corp. v. Perego*,
65 F.3d 941, 947 (Fed. Cir. 1995).......................................................................................19

*Knova Software, Inc. v. Inquira, Inc.*,
C.A. No. 06-cv-381-JJF, 2007 WL 1232186 (D. Del. Apr. 27, 2007) ....................................18

*KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*,
543 U.S. 111 (2004)...........................................................................................................11

*Mallinckrodt, Inc. v. E-Z-Em Inc.*,
670 F. Supp. 2d 349 (D. Del. 2009)............................................................................. *passim*

*Mayo Clinic Jacksonville v. Alzheimer's Institute of America, Inc.*, Nos. 8:05-cv-639,
8:05-cv-1049, 2009 WL 1850190 (M.D. Fla. June 26, 2009) ...................................................18

*Mopex, Inc. v. Chicago Stock Exchange, Inc.*,
No. 1:01-cv-302, 2003 WL 715652 (N.D. Ill. Feb. 27, 2003)...................................................18

*New Kids on the Block v. News America Pub., Inc.*,
971 F.2d 302 (9th Cir. 1992) ..............................................................................................12

*Porter v. Farmers Supply Serv., Inc.*,
617 F. Supp. 1175 (D. Del. 1985)........................................................................................12

*Quantum Loyalty Systems, Inc. v. TPG Rewards, Inc.*,
C.A. No. 09-22-SLR, 2009 WL 5184350 (D. Del. Dec. 23, 2009) .........................................11

*Rin Tin Tin, Inc. v. First Look Studios, Inc.*,
671 F. Supp. 2d 893 (S.D. Tex. 2009) .................................................................................16

*Sanofi-Aventis v. Advancis Pharm. Corp.*,
453 F. Supp. 2d 834 (D. Del. 2006).....................................................................................11

*Shearing v. Optical Radiation Corp.*,
30 USPQ2d 1878 (D. Nev. 1994) ...........................................................................................9

*Steamfitters Local Union No. 420 Welfare Fund v. Phillip Morris, Inc.*,
171 F.3d 912 (3d Cir. 1999)................................................................................................19

*Symantec Corp. v. Computer Assoc. Int'l, Inc.*,
  522 F.3d 1279 (Fed. Cir. 2008)..................................................................7

*TI Group Auto. Sys., (N. Am.), Inc. v. VDO  N. Am. L.L.C.*,
  C.A. No. 00-432-GMS, 2002 WL 484838 (D. Del. Mar. 7, 2002)....................6

*Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*,
  411 F.3d 1369 (Fed. Cir. 2005)..................................................................17

*Veto Pro Pac, LLC v. Custom Leather-craft Mfg. Co., Inc.*,
  No. 3:08-cv-302, 2009 WL 276369 (D. Conn. Feb. 5, 2009)..........................18

*Volkswagenwerk AG v. Church*,
  411 F.2d 350 (9th Cir. 1969) ....................................................................12

*Warner-Lambert Co. v. Apotex Corp.*,
  316 F.3d 1348 (Fed. Cir. 2003)...................................................................7

*Xpoint Techs., Inc. v. Microsoft Corp.*,
  C.A. No. 09-628-SLR, 2010 WL 3187025 (D. Del. Aug. 12, 2010)............... *passim*

## Rules and Statutes

Fed. R. Civ. P. 8...........................................................................................4

Fed. R. Civ. P. 12(b)(6) ...................................................................... *passim*

15 U.S.C. § 1114..........................................................................................10

15 U.S.C. § 1116..........................................................................................19

15 U.S.C. § 1117(a) .....................................................................................19

15 U.S.C. § 1125(a) .....................................................................................10

15 U.S.C. § 1125(c) ................................................................................10, 16

15 U.S.C. § 1125(c)(3)(A) ............................................................................16

35 U.S.C. § 271(a) .........................................................................................5

35 U.S.C. § 271(b) ......................................................................................5, 7

35 U.S.C. § 271(c) ......................................................................................5, 8

6 Del. C. 1953, § *et seq.* .............................................................................10

## I.     INTRODUCTION

Defendant Sturm Foods, Inc. ("Sturm") respectfully moves this Court for an order dismissing, in part, the Amended Complaint of Plaintiff Keurig Incorporated ("Keurig") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  Specifically, Sturm moves for dismissal of Keurig's claims of indirect patent infringement (Counts I and II), trademark infringement and dilution (Counts III and VII), false designation of origin (Count IV), unfair competition (Counts VIII and IX), and unjust enrichment (Count X).

## II.    SUMMARY OF ARGUMENTS

1.      Keurig fails to plead the essential elements of indirect patent infringement in Counts I and II of its Amended Complaint.  The Amended Complaint is devoid of factual allegations of essential elements of the claims from which a right to relief may be inferred, including allegations of knowledge of the patents and infringement, specific intent to cause a direct infringement, and no substantial noninfringing use of the accused product.  The bare legal conclusion that Sturm is inducing and contributing to infringement is inadequate under the pleading requirements set forth under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

2.      Counts III, IV, and VII-IX of the Amended Complaint for trademark infringement, false designation of origin, unfair competition and trademark dilution are barred either by the affirmative defense of, or statutory exclusion for, nominative fair use.  Sturm's use of the Keurig mark is, on its face, nominative fair use, made solely to refer to Keurig's beverage brewer in order to describe the use that can be made of Sturm's beverage cartridge product. Keurig's trademark infringement and unfair competition claims, therefore, are barred even

assuming Keurig could prove that Sturm's use of the KEURIG marks results in likelihood of consumer confusion. Keurig's federal dilution claims are excluded as non-actionable dilution.

3.     Count X of the Amended Complaint for unjust enrichment under Delaware common law is an improper repackaging of the patent and trademark infringement claims already pled by Keurig in its Amended Complaint. Liability is premised entirely on the underlying alleged infringing conduct of Sturm presented in Counts I-IV and VII-IX and seeks an impermissible duplicative remedy for the same alleged wrongs. Thus, the claim is preempted by at least federal patent law and must be dismissed. Moreover, to the extent that plaintiff's claim is based upon Sturm's lawful (*i.e.*, "fair") use of the KEURIG mark, such conduct cannot result in unjust enrichment as a matter of law.

## III.     NATURE AND STAGE OF PROCEEDINGS

On October 1, 2010, Keurig filed its original complaint in the United States District Court for the District of Delaware in ten (10) counts alleging claims of patent infringement, federal and common law trademark infringement, trade dress infringement, false advertising, federal trademark dilution and unjust enrichment. (D.I. 1.) On October 18th, and prior to a response from Sturm, Keurig filed an amended complaint, (D.I. 8) (hereinafter "Amended Complaint" or "Am. Compl."), adding an additional claim of false advertising and unfair competition in two (2) additional counts and concurrently filed a motion for a preliminary injunction. (D.I. 9.) Sturm now moves to dismiss, in part, the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## IV.     STATEMENT OF FACTS

Keurig sells both single-serve beverage machines and beverage cartridges that are used in the machines to make a single-serving of a beverage (*e.g.*, coffee, tea). Am. Comp. ¶¶ 29, 30. All of Keurig's claims arise out of Sturm's launch of a beverage container product that is

2

marketed under the trademark GROVE SQUARE to owners of Keurig's single-serve beverage brewers. (D.I. 8, Ex. 1.)

The Amended Complaint alleges that Sturm directly infringes United States Patent Nos. 7,165,488 ("the '488 Patent") and 6,606,938 ("the '938 Patent") (collectively "the patents-in-suit"), which purportedly are owned by Keurig. *Id.* at ¶¶ 7-24. The claims of the '488 Patent and the '938 Patent are drawn to various aspects of single-serve brewing machines and methods of using the machines. (D.I. 8, Exhibits A and B.) Counts I and II of the Amended Complaint further allege, as follows:

> Sturm is inducing and contributing to infringement of the '488 ['938] patent, by causing others to use its beverage cartridges in Keurig's single-serve beverage brewers in a manner that is covered, literally or under the doctrine of equivalents, by one or more of the claims of the '488 ['938] patent within the United States.

Am. Compl. at ¶¶ 11, 20.

As shown immediately below, Sturm's packaging for its GROVE SQUARE beverage containers state that the containers are "For use by owners of Keurig® coffee makers" and "Sturm Foods, Inc. has no affiliation with Keurig, Incorporated."




*Id.* at ¶¶ 31, 32; (Declaration of Mark C. Wood ¶ 25, Ex. 1, D.I. 13 (Keurig's Vice President, Business Development)).[1]  However, Keurig alleges in Count III of the Amended Complaint that this explanatory use of "Keurig" on Sturm's packaging infringes Keurig's rights in its federally registered mark KEURIG under 15 U.S.C. § 1114.  *Id.* at ¶¶ 38, 39 (Reg. No. 2,933,253 for coffee and tea sold in single-serve containers, and Reg. No. 2,057,361 for coffee brewing machines for domestic and commercial use.) *See id.* ¶¶ 25-43.

## V.   ARGUMENT

### A.   Standard For Dismissal Pursuant To Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, to state a claim for relief that is plausible on its face.  *Iqbal*, 129 S. Ct. at 1949.  To satisfy the requirements of Rule 8(a)(2), the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests.  *Twombly*, 550 U.S. at 555.  The facts stated in the complaint are accepted as true and reasonable inferences drawn in favor of the plaintiff.  *Christopher v. Harbury*, 536 U.S. 403, 406, (2002).  Mere conclusions and a "formulaic recitation of the elements of a cause of action," however, cannot survive a motion to dismiss.  *Twombly*, 550 U.S. at 555.

On a motion to dismiss, the court conducts a two-part analysis.  First, the factual and legal elements of a claim are separated.  *Giles v. Med. Contractors CMS*, 680 F. Supp. 2d 633,

---

[1] While Keurig failed to attach either its or Sturm's packaging to its Amended Complaint, the Court may properly consider such packaging without converting this motion to a motion for summary judgment because the packaging is integral to Keurig's allegations and Keurig refers to and discusses such packaging in its pleadings, *e.g.* Am. Compl. ¶¶ 31, 32, 53-56, 58-60. *See Buck v. Hampton Township Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *In re Donald J. Trump Casino Secs. Litig. – Taj Mahal Litig.*, 7 F.3d 357, 368 at n. 9 (3d Cir. 1993) (in securities action alleging false and misleading prospectus statements, prospectus properly considered by court on motion to dismiss although not attached to pleadings).

635 (D. Del. 2010) (citing *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 210 (3d Cir. 2009)).

Well-pleaded facts are accepted as true, but legal conclusions are disregarded. *Giles*, 680 F.

Supp. 2d at 635.  Second, the court determines whether the facts alleged are sufficient to show

that there is a plausible claim for relief.  *Id.*  "In other words, the complaint . . . must 'show' such

an entitlement with its facts."  *Id.* at 635-36.  Unsupported conclusory statements that allege

misconduct fail to satisfy Rule 8(a)(2).  *Id.* at 636.

Additionally, as previously noted, *supra* n.1, this Court also may properly consider

materials, such as the respective parties' packaging, which are integral to plaintiff's allegations

although not attached to the Amended Complaint.

**B.      Keurig's Claims For Indirect Patent Infringement Under Counts I And II Of
The Amended Complaint Fail To State A Claim And Should Be Dismissed**

Counts I and II of the Amended Complaint fail to adequately plead the necessary

elements of inducing infringement and contributing to infringement and, therefore, fail to state a

claim.  Keurig's allegations of indirect infringement of the patents-in-suit are no more than

threadbare conclusory assertions that "Sturm is inducing and contributing to infringement" of the

patents-in-suit "by causing others to use its beverage cartridges in Keurig's single-serve beverage

brewers in a manner" covered by one or more claims of the patents-in-suit.  Am. Compl.

¶¶ 11, 20.  Proving liability for inducing infringement, 35 U.S.C § 271(b), or contributory

infringement, 35 U.S.C § 271(c), requires additional elements beyond those of direct

infringement under section 271(a).  *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d

1263, 1273 (Fed. Cir. 2004) ("In order to prove vicarious liability for indirect infringement, a

plaintiff who demonstrates direct infringement must also establish that the defendant possessed

the requisite knowledge or intent to be held vicariously liable.").

This Court has not hesitated to apply Rule 12(b)(6) to dismiss inadequately pled claims for indirect infringement that—like Keurig's Amended Complaint—make only generalized conclusions that the defendant is inducing and contributing to infringement of others. *See Xpoint Techs., Inc. v. Microsoft Corp.*, C.A. No. 09-628-SLR, 2010 WL 3187025, at *5 (D. Del. Aug. 12, 2010) (dismissing claims for indirect infringement against those defendants where the complaint failed to allege factual allegations supporting the claims); *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009) (dismissing claims for indirect infringement for failing to sufficiently plead the elements of the claims); and *TI Group Auto. Sys., (N. Am.), Inc. v. VDO N. Am. L.L.C.*, C.A. No. 00-432-GMS, 2002 WL 484838, at *2 (D. Del. Mar. 7, 2002) (treating motion to dismiss as motion for summary judgment and dismissing claim for failing to adequately set forth facts supporting a claim for indirect patent infringement).

Counts I and II of the Amended Complaint are devoid of the factual allegations required to plead claims for inducing and contributing to infringement. Instead, Keurig's allegations consist of mere recitation of the legal conclusions that Sturm is inducing and contributing to infringement of the patents-in-suit by causing others to use the Keurig brewers in an allegedly infringing manner. Am. Compl. ¶¶ 11, 20. The Amended Complaint fails to raise a plausible right to relief for indirect infringement above a merely speculative level and fails to put Sturm on notice as to Keurig's claims and their bases. *See Twombly*, 550 U.S. at 555.

Such bare legal conclusions are not to be accepted as true and Keurig's claims for inducing infringement and contributing to infringement must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. *See Iqbal*, 129 S. Ct. at 1949.

1.      **The Amended Complaint Fails to Allege the Elements of Inducing Infringement**

To succeed on a claim for inducing infringement,[2] the patentee must prove, *inter alia*, that the defendant had knowledge of the patents and knowingly induced the infringement and possessed a specific intent to cause the direct infringement of the patent. *Symantec Corp. v. Computer Assoc. Int'l, Inc.*, 522 F.3d 1279, 1292 (Fed. Cir. 2008).  The specific intent element requires both knowledge of the patent and evidence of culpable conduct directed to encouraging another's direct infringement. *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (*en banc* in relevant part).   Accordingly, a claim for inducement must allege the defendant's requisite knowledge and intent.  *Xpoint Tech.*, 2010 WL 3187025, at *5 (citing *Mallinckrodt*, 670 F. Supp. 2d at 354).[3]

Keurig's Amended Complaint makes no attempt to plead the required elements of inducement.   Instead, Counts I and II merely conclude Sturm is inducing infringement by causing others to use its product to infringe one or more claims of the patents-in-suit.  Am. Compl. ¶¶ 11, 20.  Further, the Amended Complaint fails to allege facts to support allegations that Sturm: (1) knowingly induced others to infringe the patents-in-suit; (2) possessed a specific intent to cause the direct infringement by others of the patent-in-suit; and (3) had knowledge of the patents-in-suit at the time of the allegedly infringing acts occurred.  Any one of these failures alone is fatal to Keurig's claims for inducement under Counts I and II.

---

[2] 35 U.S.C. §  271(b) provides "[w]hoever actively induces infringement of a patent shall be liable as an infringer."

[3] Even with knowledge of some infringing uses of a product, intent cannot be inferred where the product is capable of substantial noninfringing uses. *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1365 (Fed. Cir. 2003).

Conclusory inducement claims, such as those pled here, are precisely the type of pleadings that have been rejected by this District. In *Xpoint*, this Court dismissed claims of indirect infringement against certain defendants where the complaint provided "virtually no specific allegations of indirect infringement." 2010 WL 3187025, at *6. Like Keurig's Amended Complaint, Xpoint's amended complaint merely recited the legal conclusion that defendants had directly and/or indirectly infringed and defendants were on notice of their infringing conduct. *Id.*; *see also Mallinckrodt*, 670 F. Supp. 2d at 354 (dismissing claims of indirect infringement where the complaint failed to plead sufficient facts to allow the court to infer an allegation of knowledge). Keurig alleges no facts that could yield a plausible inference that Sturm knew its actions would cause actual infringement and had a specific intent to do so. *See Halton Co. v. Streivor, Inc.*, No. C 10-00655-WHA, 2010 WL 2077203, at *2 (N.D. Cal. May 21, 2010) (dismissing claim for inducement where complaint failed to allege facts supporting intent to encourage another's infringement).

Mere recitation of the legal conclusion of inducement in Counts I and II without supporting factual allegations fails to state a claim, demanding dismissal of the claims.

### 2.   The Amended Complaint Fails to Allege the Elements of Contributory Infringement

Counts I and II of the Complaint also fail to sufficiently allege the elements of contributory infringement. Contributory infringement only occurs when one sells a component of a patented machine, or an apparatus for practicing a patented process, constituting a material part of the invention, knowing that it is especially made or adapted for infringing use, and has no substantial noninfringing use. 35 U.S.C. § 271(c). Thus, the patentee must prove: (1) an act of direct infringement; (2) the defendant knew that the combination was both patented and

infringing; and (3) that there is no substantial noninfringing use. *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005).

A claim for contributory infringement requires allegations that the defendant knew that the combination for which its component was especially designed was both patented and infringing. *Mallinckrodt*, 670 F. Supp. 2d at 354-55. Thus, the requisite knowledge at the time of the alleged infringement must be pled. *Xpoint Tech.*, 2010 WL 3187025, at *6 (citing *Mallinckrodt*, 670 F. Supp. 2d at 355). The complaint must also allege facts sufficient to infer the accused product has no substantially noninfringing use. *See, e.g., Halton*, 2010 WL 2077203, at *2 (dismissing claim for contributory infringement where claim failed to allege accused product was not capable of substantial noninfringing use); *Shearing v. Optical Radiation Corp.*, 30 USPQ2d 1878, 1880 (D. Nev. 1994) (dismissing claim for contributory infringement where complaint failed to address substantial noninfringing use of the accused product).

Keurig's bare legal assertion that Sturm is contributing to infringement by causing others to use its product to infringe one or more claims of the patents-in-suit, Am. Compl. ¶ 11, 20, simply ignores the factual elements of the claim. *See Iqbal*, 129 S. Ct. at 1949 ("[F]acts that are merely consistent with a defendant's liability . . . stop short of the line between possibility and plausibility of entitlement to relief") (internal quotations omitted). Counts I and II fail to raise any facts allowing an inference that Sturm knew that the combination of its product with a Keurig brewer is both patented and infringing. *See Mallinckrodt*, 670 F. Supp. 2d at 354-55. Significantly, the Amended Complaint does not allege an absence of substantial noninfringing uses of the Sturm beverage containers. *See Halton*, 2010 WL 2077203, at *2. Still further, Keurig fails to allege that the Sturm container constitutes a material part of the invention of the patents-in-suit.

Again, this Court has consistently rejected as deficient the type of unsupported legal conclusions of contributory infringement as pled in Counts I and II of Keurig's Amended Complaint. *See Xpoint Tech.*, 2010 WL 3187025, at \*6; *Mallinckrodt*, 670 F. Supp. 2d at 354-55. Accordingly, Counts I and II fail to state a claim for contributory infringement that rises above the level of speculation and must be dismissed.

### C.   Counts III, IV, and VII-IX Of The Amended Complaint Should Be Dismissed As Barred By Nominative Fair Use

Sturm's GROVE SQUARE coffee cartridges are sold for use in Keurig's single-serve beverage machines. Sturm uses the trademark KEURIG in the descriptive statement "\*For use by owners of Keurig® coffee makers" on its packaging. Count III (Trademark Infringement Under 15 U.S.C. § 1114), Count IV (False Designation of Origin Under 15 U.S.C. § 1125(a)), Count VII (Dilution Under 15 U.S.C. § 1125(c)), and Count VIII (Unfair Competition Under Delaware Uniform Deceptive Trade Practices Act – 6 Del. C. 1953, §2531, *et seq.*) are based exclusively upon Sturm's use of this descriptive statement. *See* Am. Compl. ¶¶ 31-41, 47-49, 80-84, 87, 88 and 90. Count IX (Unfair Competition – Delaware Common Law), is based in part upon, *see* Am. Compl. ¶¶ 93, 95, 100-04, the same use. For the reasons discussed below, Keurig's claims directed against Sturm's use of the specified descriptive statement are barred as nominative fair use.

### 1.   Sturm's Use Of The KEURIG Mark Is A Nominative Fair Use, And, Therefore, Counts III, IV, And VIII-IX Should Be Dismissed.

Nominative fair use is an affirmative defense to trademark infringement and unfair competition claims[4] where a defendant uses the plaintiff's mark to refer to the plaintiff's goods

---

[4] To state trademark claims under either Federal or Delaware law for infringement, false designation of origin, statutory unfair competition, or common law unfair competition, Keurig must allege: (1) its mark is valid and legally protectable; (2) it owns the mark; and

in order to describe the defendant's own goods. *Century 21 Real Estate Corp. v. LendingTree, Inc.*, 425 F.3d. 211, 220-21 (3d Cir. 2005). Nominative fair use bars all relief to a plaintiff even if the plaintiff establishes that defendant's challenged trademark use results in a likelihood of consumer confusion. *See id.* at 232. "A nominative use defendant need only prove fairness" and "has no duty to negate confusion." *Id.* at 223, n. 3 (citing *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111 (2004)). Where an defense is established by the complaint, the complaint should be dismissed. *See Quantum Loyalty Systems, Inc. v. TPG Rewards, Inc.*, C.A. No. 09-22-SLR, 2009 WL 5184350, at *8 (D. Del. Dec. 23, 2009) (patent invalidity defense).

The Third Circuit has established a three-part test for nominative fair use requiring that:

> . . . a defendant must show: (1) that the use of plaintiff's mark is necessary to describe both the plaintiff's product or service and the defendant's product or service; (2) that the defendant uses only so much of the plaintiff's mark as is necessary to describe plaintiff's product; and (3) that the defendant's conduct or language reflect the true and accurate relationship between plaintiff and defendant's products or services.

*Century 21 Real Estate Corp.*, 425 F.3d. at 222. Here, Sturm's use of KEURIG satisfies each element.

**Necessity for Description.** Keurig admits that "Sturm's cartridges have no other use except in Keurig's brewers." Am. Compl. ¶ 46. It is hardly surprising, therefore, that Sturm informs consumers (*i.e.*, the owners of Keurig's single-serve machines) that Sturm's cartridges are created and sold for their use in Keurig's single-serve machines.

---

(3) defendant's use of its mark to identify goods or services is likely to cause confusion. *E.g., Sanofi-Aventis v. Advancis Pharm. Corp.*, 453 F. Supp. 2d 834, 847 & n.2 (D. Del. 2006) (Robinson, J.) (citations omitted).

It is well established that where a party uses the trademark of another to truthfully inform consumers that its product was created to be used in or with the trademark owner's product, such use does not constitute either trademark infringement or unfair competition. *See Century 21 Real Estate Corp.*, 425 F.3d. at 219 (citing *Volkswagenwerk AG v. Church*, 411 F.2d 350 (9th Cir. 1969) (auto repair shop could not be prevented from using VOLKSWAGEN and VW marks to inform consumers that it serviced such vehicles)); *Porter v. Farmers Supply Serv., Inc.*, 617 F. Supp. 1175, 1187 (D. Del. 1985) (summary judgment granted to defendant for use of plaintiff's mark to describe defendant's replacement blades for plaintiff's harvester). Moreover, "the court need not find that the use of the mark is indispensable in order to find this factor fulfilled. For, . . ., the Lanham Act does not compel a competitor to resort to second-best communication." *Century 21 Real Estate Corp.*, 425 F.3d. at 229 (citation and quotation marks deleted); *see also id.* (quoting *New Kids on the Block v. News America Pub., Inc.*, 971 F.2d 302, 307 (9th Cir. 1992) ("[I]t is often virtually impossible to refer to a particular product for purposes of comparison, criticism, point of reference or any other such purpose without using the mark.")).

Here, Sturm's only use of the KEURIG mark is in the descriptive phrase "*For use by owners of Keurig® coffee makers." Keurig admits, *see* Am. Compl. ¶ 46, that Sturm is informing consumers with this text that Sturm's cartridges are for use with Keurig's single-serve machines.[5] This is precisely the kind of use protected under the nominative fair use defense regardless of the presence or absence of likelihood of confusion.

**Minimal Taking of Mark.** The second prong of nominative fair use is concerned with "the quantum [of defendant's] use of the attributes of plaintiff's mark." *Century 21 Real Estate*

---

[5] Keurig further appears to equate Sturm's product description with its own, obviously descriptive packaging use of "For Use in Keurig® Brewing Systems." *See* Am. Compl. ¶¶ 53 & 59; *see also infra* (depictions of Keurig packaging).

*Corp.*, 425 F.3d. at 229-30 (citation and quotation marks deleted).  In determining if defendant made use of only so much of plaintiff's trademark as is necessary to make nominative fair use, "consideration should be given . . . to the manner in which the mark is portrayed.  For example, did the defendant use plaintiff's distinctive lettering when using the plaintiff's mark or did defendant, as in this case, simply use block letters to spell out plaintiff's names?"  *Id.* at 230.

As depicted below, Keurig employs multiple distinctive displays of its KEURIG mark in connection with its single-serve beverage cartridges:




Wood Decl. ¶ 32, Ex. 2 (D. I. 13).

In sharp contrast, as depicted below, Sturm does not copy Keurig's distinctive display or design elements; rather, Sturm displays the mark in a simple block letter typeface identical to that of the other words in the descriptive phrase, and without any emphasis, in the lower left quadrant of the package:



*Id.* ¶ 25, Ex. 1.

Here, Sturm easily meets the requirement to minimize its taking of plaintiff's mark to only such quantum of use as is reasonably needed to make permitted fair use. Indeed, it is difficult to envision any lesser taking which would not prevent permitted fair use.

**Truthful and Accurate Statement.** Sturm's conduct and language reflect the true and accurate relationship between Keurig and Sturm. As previously noted, Sturm uses the descriptive phrase "*For use by owners of Keurig® coffee brewers" to accurately inform consumers (*i.e.*, owners of Keurig's single-serve beverage machines) that Sturm's single-serve coffee cartridges are intended for use with Keurig's single-serve beverage machines. There is nothing misleading about this statement.

Nor does Sturm make any other statements that could be construed as misleading regarding the relationship between the parties. Rather, Sturm's cartridges are prominently labeled both with its distinctive GROVE SQUARE & Design mark, as well the prominent legend "MANUFACTURED BY STURM FOODS, INC.[,] MANAWA, WI 54949." Moreover, Sturm places a specific disclaimer on its packaging that "*Sturm Foods, Inc. has no affiliation with Keurig, Incorporated." As depicted below, this disclaimer, which is flagged by use of the symbol "*" displayed next to its descriptive use of the KEURIG mark, *see supra* (depiction of

Sturm's packaging), is prominently displayed on the bottom packaging panel next to other important packaging elements, including directions for use, "sell by" dating, and recommended storage advice:



Wood Decl. ¶ 25, Ex. 1.  This disclaimer, although not mandatory, accurately reflects that there is no affiliation or sponsorship of Sturm's product by Keurig.  *Cf., Century 21 Real Estate Corp.*, 425 F.3d at 231 (directing the inquiry to sponsorship and requiring the district court to consider the disclaimer "LendingTree is not sponsored by or affiliated with the parent franchisor companies of any of the participating members of its network").

For the foregoing reasons, Sturm's use of plaintiff's KEURIG mark constitutes permitted nominative fair use even if Keurig could establish that the use results in likelihood of confusion.

**2.  Sturm's Fair Use Of The KEURIG Mark Is, By Statute, Non-Dilutive And Keurig's Trademark Dilution Claims Must, Therefore, Be Dismissed**

In addition to barring relief for trademark infringement and unfair competition claims based upon allegations of likelihood of confusion, Keurig's federal trademark dilution claims

also are barred, here by statute, under the nominative fair use defense.[6]  Section 1125(c)(3)(A) of

Title 15 expressly excludes from the Act as non-actionable dilution, either by blurring or

tarnishment, "any fair use, including a nominative or descriptive fair use, or facilitation of such

fair use, of a famous mark by another person other than as a designation of source for the

person's own goods or services, . . . ."  Whether Keurig's federal dilution claim is one for

blurring or tarnishment or for both is of no consequence because *all* such claims are excluded

from the Act.

As with Keurig's trademark and unfair competition claims based upon likelihood of

confusion, Keurig's federal dilution claims are based upon Sturm's use of the KEURIG mark in

the descriptive statement "*For use by owners of Keurig® coffee makers." *See supra* § IV.  In

determining if dilution is non-actionable under 15 U.S.C. § 1125(c)(3)(A), courts have

consistently applied the same test they use for evaluating nominative fair use for likelihood of

confusion based trademark and unfair competition claims.  *See, e.g., Rin Tin Tin, Inc. v. First

Look Studios, Inc.*, 671 F. Supp. 2d 893, 898 (S.D. Tex. 2009); *Frontrange Solutions USA, Inc. v.

Newroad Software, Inc.*, 505 F. Supp. 2d 821, 834-35 (D. Colo. 2007).  As established

previously with respect to the likelihood of confusion cases, because Sturm's only use of the

KEURIG mark is a fair use as established above, Keurig's federal trademark dilution claims are

barred and should be dismissed.

---

[6] To state a federal claim for dilution by blurring, the plaintiff must prove that: (1) its mark is valid and legally protectable; (2) it owns the mark; (3) plaintiff's mark became "famous" prior to defendant's use of defendant's mark; and (4) defendant uses a mark likely to cause dilution by blurring (*i.e.*, erosion of distinctiveness).  *See* 15 U.S.C. § 1125(c)(1).  To state a federal claim for dilution by tarnishment, the elements are identical but for the final element, namely: (4) defendant uses a mark likely to cause dilution by tarnishment (*i.e.*, injury to reputation of mark).  *See id.*

Accordingly, this Court should dismiss Counts III, IV, VII, and VIII of Keurig's Complaint in their entirety, and Count IX to the extent it relies upon Sturm's use of the KEURIG mark, because such use is a fair use, not a violation of Keurig's trademark rights.

### D.   Count X Of The Amended Complaint For Unjust Enrichment Is Duplicative, Seeks Recovery For Lawful Conduct, And Should Be Dismissed

Count X of the Keurig Complaint, alleging unjust enrichment under Delaware common law for unauthorized use of Keurig's patents and the KEURIG trademark, simply repackages Counts I-IV and VII-IX of the Complaint for alleged patent infringement, and for trademark and unfair competition claims.[7] Compl. ¶¶ 102-104. Liability for the state unjust enrichment claim is thus premised entirely on the underlying allegedly infringing conduct pled by Keurig. Additionally, any potential recovery would be impermissibly duplicative of remedies available under the respective statutory regimes. Accordingly, Count X should be dismissed for failure to state a claim upon which relief can be granted.

To the extent that Sturm's alleged "unauthorized use" of undisclosed Keurig patents states a claim at all, it is preempted by federal patent law. State law that conflicts with federal law is without effect under the Supremacy Clause. *Hunter Douglas, Inc. v. Harmonic Design, Inc.* 153 F.3d 1318, 1331 (Fed. Cir. 1998) (overruled on other grounds). The Federal Circuit has unambiguously concluded that state law claims based on conduct protected or controlled by patent law conflict with and are preempted by federal patent law. *See, e.g., Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1382 (Fed. Cir. 2005) (holding unjust enrichment claim preempted). Thus, a state law claim that includes patent infringement as an element is

---

[7] Under Delaware law, unjust enrichment requires proof of: (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law. *Braintree Labs., Inc. v. Schwarz Pharma, Inc.*, 568 F. Supp. 2d 487, 499 (D. Del. 2008) (citing *Cantor Fitzgerald, L.P. v. Cantor*, 724 A.2d 571, 585 (Del. Ch. 1998).

preempted, unless it includes an additional element apart from patent law. *Digene Corp. v. Ventana Med. Sys., Inc.*, 476 F. Supp. 2d 444, 450 (D. Del. 2007). A claim is also impermissibly duplicative unless it can provide damages apart from those available for patent infringement. *Mopex, Inc. v. Chicago Stock Exchange, Inc.*, No. 1:01-cv-302, 2003 WL 715652, *5 (N.D. Ill. Feb. 27, 2003) (dismissing claim of civil conspiracy to infringe as preempted for being symmetrical with patent infringement and unable to provide damages apart from infringement).

Courts, including this District, consistently dismiss state law tort claims as preempted, on a Rule 12(b)(6) motion where the underlying conduct of the claim is premised on patent infringement—as it is here.[8]  *See Digene Corp.*, 476 F. Supp. 2d at 450-51 (dismissing as preempted a Delaware civil conspiracy claim alleging conspiracy to commit patent infringement and inducement to infringe); *Knova Software, Inc. v. Inquira, Inc.*, C.A. No. 06-cv-381-JJF, 2007, WL 1232186, *2-3 (D. Del. Apr. 27, 2007) (dismissing claims of intentional interference with prospective economic relationships and unfair competition as preempted and staying unjust enrichment claim in view of possible allegation of incremental benefit that went beyond that covered by patent law).

Keurig's allegation of unauthorized use of its patents, is premised solely on alleged conduct of patent infringement raised in Counts I and II. (Am. Compl. ¶ 98.) The claim fails to raise any additional element outside patent infringement. Thus, without any alleged wrong doing beyond the allegedly infringing conduct, there is no distinct injury to Keurig. Moreover, the

---

[8] *See also Mayo Clinic Jacksonville v. Alzheimer's Institute of America, Inc.*, Nos. 8:05-cv-639, 8:05-cv-1049, 2009 WL 1850190, *3-4 (M.D. Fla. June 26, 2009) (dismissing unjust enrichment claim as preempted or failing to state a claim); *Veto Pro Pac, LLC v. Custom Leather-craft Mfg. Co., Inc.*, No. 3:08-cv-302, 2009 WL 276369, at *2 (D. Conn. Feb. 5, 2009) (dismissing state law claims, including unjust enrichment claim, which failed to plead any element beyond patent infringement).

claim fails to allege any additional right to recovery that is not duplicative of any remedy available under Counts I and II. *See King Instruments Corp. v. Perego*, 65 F.3d 941, 947 (Fed. Cir. 1995) (concluding the Patent Act is broad enough to redress any harm resulting from patent infringement). As such, Count X, as it relates to Keurig's purported patent rights, is preempted by federal patent law and must be dismissed.

Count X must also be dismissed as it applies to alleged unauthorized use of the KEURIG trademark. Like the patent infringement aspect of the claim, alleged unauthorized use of the mark is premised on conduct constituting trademark infringement, unfair competition or trademark dilution, as alleged in Counts III, IV, and VII-IX of the Amended Complaint. Absent underlying liability for these torts, Sturm may use the mark and the "absence of justification" element of unjust enrichment cannot be met. Moreover, it is axiomatic that if the activity purportedly resulting in "unjust enrichment" is itself lawful, such activity cannot give rise to liability for unjust enrichment. *See, e.g., Steamfitters Local Union No. 420 Welfare Fund v. Phillip Morris, Inc.*, 171 F.3d 912, 936-37 (3d Cir. 1999) (citations omitted). For the reasons set forth above, *supra* § V.C., Sturm's use of the KEURIG trademark is lawful, protected nominative fair use. Such use necessarily cannot give rise to liability for unjust enrichment.

Further, unjust enrichment represents a damages theory for a violation of the Lanham Act, not a separate cause of action. *See Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168, 173-74, 177-78 (3d Cir. 2005); *see also* 15 U.S.C. §§ 1116, 1117(a) (permitting injunctive and monetary relief for trademark infringement, unfair competition (§ 43(a) and trademark dilution). Thus, any recovery available under Count X would be impermissibly duplicative of remedies available under the substantive trademark infringement, unfair competition, and trademark dilution. Therefore, Count X must be dismissed.

## VI.   CONCLUSION

For the foregoing reasons, Keurig's claims for indirect patent infringement in Counts I and II, trademark infringement and dilution in Counts III and VII, false designation of origin in Count IV, unfair competition in Counts VII and IX, and for unjust enrichment in Count X fail to state a claim upon which relief can be grated.  Sturm respectfully requests that the Court dismiss, in part, as set forth herein Keurig's Amended Complaint pursuant to Rule 12(b)(6).

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Craig S. Fochler
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Tel: (312) 832-4500

Allen A. Arntsen
FOLEY & LARDNER LLP
Verex Plaza
150 East Gilman Street
Madison, WI 53703
Tel: (608) 257-5035

Dated:  November 4, 2010
988519/35644

By: */s/ David E. Moore*
   Richard L. Horwitz (#2246)
   David E. Moore (#3983)
   Hercules Plaza, 6th Floor
   1313 N. Market Street
   Wilmington, DE  19801
   Tel:  (302) 984-6000
   rhorwitz@potteranderson.com
   dmoore@potteranderson.com

*Attorneys for Defendant Sturm Foods, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on November 4, 2010, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on November 4, 2010, the attached document was Electronically Mailed to the following person(s):

Karen Elizabeth Keller
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
kkeller@ycst.com

Gerald B. Hrycyszyn
Michael A. Albert
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210
ghrycyszyn@wolfgreenfield.com
malbert@wolfgreenfield.com

By:   */s/ David E. Moore*
        Richard L. Horwitz
        David E. Moore
        POTTER ANDERSON & CORROON LLP
        Tel:  (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com

987174/35644