# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG INCORPORATED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 10-841-SLR |
| v. | ) |
| | ) |
| STURM FOODS, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS IN PART PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

OF COUNSEL:

Craig S. Fochler
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Tel: (312) 832-4500

Allen A. Arntsen
FOLEY & LARDNER LLP
Verex Plaza
150 East Gilman Street
Madison, WI 53703
Tel: (608) 257-5035

Dated: December 7, 2010
992314 / 35644

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Sturm Foods, Inc.*

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. SUMMARY OF ARGUMENTS ........................................................................................ 1

III. NATURE AND STAGE OF PROCEEDINGS ................................................................. 1

IV. STATEMENT OF FACTS ................................................................................................. 2

V. ARGUMENT ........................................................................................................................ 4

    A. Standard For Dismissal Pursuant To Rule 12(b)(6) ................................................ 4

    B. Counts III, IV, and VII-IX Of The Second Amended Complaint Should Be Dismissed As Barred By The Affirmative Defense Of Nominative Fair Use ................................................................................................................................ 5

        1. Sturm's Use Of The KEURIG Mark Is A Nominative Fair Use, And, Therefore, Counts III, IV, And VIII-IX Should Be Dismissed .......... 5

        2. Sturm's Fair Use Of The KEURIG Mark Is, By Statute, Non-Dilutive And, Therefore, Keurig's Trademark Dilution Claims Should Be Dismissed ................................................................................. 10

VI. CONCLUSION .................................................................................................................. 11

i

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                    **Page(s)**

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009)..................................................................................................4

*Buck v. Hampton Township Sch. Dist.*,
  452 F.3d 256 (3d Cir. 2006)..........................................................................................4

*Century 21 Real Estate Corp. v. LendingTree, Inc.*,
  425 F.3d. 211 (3d Cir. 2005).............................................................................5, 6, 7, 10

*Christopher v. Harbury*,
  536 U.S. 403 (2002)......................................................................................................4

*Frontrange Solutions USA, Inc. v. Newroad Software, Inc.*,
  505 F. Supp. 2d 821 (D. Colo. 2007)..........................................................................11

*Hensley Mfg. v. Propride*,
  579 F.3d 603 (6th Cir. 2009) .......................................................................................4

*In re Donald J. Trump Casino Secs. Litig. – Taj Mahal Litig.*,
  7 F.3d 357 (3d Cir. 1993).............................................................................................4

*New Kids on the Block v. News America Pub., Inc.*,
  971 F.2d 302 (9th Cir. 1992) .......................................................................................7

*Porter v. Farmers Supply Serv., Inc.*,
  617 F. Supp. 1175 (D. Del. 1985)................................................................................6

*Quantum Loyalty Systems, Inc. v. TPG Rewards, Inc.*,
  C.A. No. 09-22-SLR/MPT, 2009 WL 5184350 (D. Del. Dec. 23, 2009)...................4

*Rin Tin Tin, Inc. v. First Look Studios, Inc.*,
  671 F. Supp. 2d 893 (S.D. Tex. 2009) ......................................................................11

*Sanofi-Aventis v. Advancis Pharm. Corp.*,
  453 F. Supp. 2d 834 (D. Del. 2006).............................................................................5

*Volkswagenwerk AG v. Church*,
  411 F.2d 350 (9th Cir. 1969) .......................................................................................6

**Rules and Statutes**

Fed. R. 12(b)(6).....................................................................................................1, 4, 11

15 U.S.C. § 1114...........................................................................................................5

15 U.S.C. § 1125(a) ........................................................................................................................5

15 U.S.C. § 1125(c) ........................................................................................................................5

15 U.S.C. § 1125(c)(1)..................................................................................................................10

15 U.S.C. § 1125(c)(3)(A) ......................................................................................................10, 11

6 Del. C. 1953, § *et seq.* ................................................................................................................5

**I.     INTRODUCTION**

Defendant, Sturm Foods, Inc. ("Sturm"), respectfully moves this Court for an order dismissing, in part, the Second Amended Complaint (D.I. 41) of plaintiff, Keurig Incorporated ("Keurig"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  Specifically, Sturm moves for dismissal of Keurig's claims of federal trademark infringement (Count III), federal false designation of origin (Count IV), Delaware unfair competition (Counts VIII and IX), and federal trademark dilution (Count VII).

**II.    SUMMARY OF ARGUMENTS**

Counts III, IV, and VII-IX of the Second Amended Complaint (D.I. 41) for trademark infringement, false designation of origin, unfair competition and trademark dilution (collectively "Keurig Trademark Claims") are barred either by the affirmative defense of, or statutory exclusion for, nominative fair use.  Keurig's complaint establishes that Sturm's use of the Keurig mark is, on its face, nominative fair use, made solely to refer to Keurig's beverage brewer in order to describe the use that can be made of Sturm's beverage cartridge product.  Keurig's trademark infringement and unfair competition claims, therefore, are barred by the affirmative defense even assuming Keurig could prove that Sturm's use of the KEURIG marks results in likelihood of consumer confusion.  Similarly, Keurig's federal dilution claim is excluded as non-actionable dilution.

**III.   NATURE AND STAGE OF PROCEEDINGS**

On October 1, 2010, Keurig filed its original complaint (D.I. 1) in the United States District Court for the District of Delaware in ten (10) counts alleging claims of patent infringement, federal and common law trademark infringement, trade dress infringement, false advertising, federal trademark dilution and unjust enrichment.  On October 18th, and prior to a

response from Sturm, Keurig filed an amended complaint (D.I. 8; "Amended Complaint") adding an additional claim of false advertising and unfair competition in two (2) additional counts and concurrently filed a motion for a preliminary injunction (D.I. 9). Sturm moved (D.I. 21) to dismiss the Amended Complaint. By stipulation (D.I. 40), Keurig filed a Second Amended Complaint (D.I. 41) amending Counts I and II for patent infringement and withdrawing Count X for unjust enrichment; Sturm withdrew its motion to dismiss against the Amended Complaint without prejudice.

Sturm now moves to dismiss, in part, the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## IV. STATEMENT OF FACTS

Keurig sells both single-serve beverage machines and beverage cartridges that are used in the machines to make a single-serving of a beverage (*e.g.*, coffee, tea). Second Am. Comp. ¶¶ 33, 34 (D.I. 41). Keurig alleges ownership of two federal trademark registrations for the mark KEURIG. *Id.* at ¶¶ 43, 44 (Reg. No. 2,933,253 for coffee and tea sold in single-serve containers; Reg. No. 2,057,361 for coffee brewing machines for domestic and commercial use).

All of Keurig's claims arise out of Sturm's sales of a beverage cartridge product that is marketed under the trademark GROVE SQUARE to owners of Keurig's single-serve beverage brewers. *See, e.g.*, *id.* ¶¶ 35, 50, 51, 85, 91, 97. Keurig admits that "Sturm's cartridges have no other use except in Keurig's brewers." *Id.* ¶ 50.

As shown immediately below, Sturm's packaging for its GROVE SQUARE beverage containers state that the containers are **"*For use by owners of Keurig® coffee makers"** and **"*Sturm Foods, Inc. has no affiliation with Keurig, Incorporated"** (emphasis added).


(front panel)


(bottom panel)

*Id.* at ¶¶ 35, 36; (Declaration of Mark C. Wood ¶ 25, Ex. 1, D.I. 13 (Keurig's Vice President, Business Development)). Moreover, the distinctive GROVE SQUARE packages state, *inter alia*, on a side panel:

**MANUFACTURED BY STURM FOODS, INC., Manawa, WI 54949**

and, on the bottom panel (often next to the "Directions" for use):

**©2010 Sturm Foods, Inc.**

**\* \* \***

**visit us at www.sturmfoods.com**

3

Wood Decl. ¶ 25, Ex. 1 (D.I. 13) (emphasis added).

## V. ARGUMENT

### A. Standard For Dismissal Pursuant To Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The facts stated in the complaint are accepted as true and reasonable inferences drawn in favor of the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). Additionally, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not 'shown[n]' . . . 'that the pleader is entitled to relief'". *Iqbal*, 129 S. Ct. at 1950.

Where an affirmative defense, such as fair use, is established by the complaint, the complaint fails to state a claim upon which relief can be granted and should be dismissed. *See Quantum Loyalty Systems, Inc. v. TPG Rewards, Inc.*, C.A. No. 09-22-SLR/MPT, 2009 WL 5184350, at *8 (D. Del. Dec. 23, 2009) (patent invalidity defense); *Hensley Mfg. v. Propride*, 579 F.3d 603, 612-13 (6th Cir. 2009) (dismissing claims of trademark infringement on the basis of classic fair use).

In determining a motion to dismiss, and without converting the motion to one for summary judgment, a court may properly consider materials which are referred to in, and are integral to, the allegations of the complaint. *See Buck v. Hampton Township Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *In re Donald J. Trump Casino Secs. Litig. – Taj Mahal Litig.*, 7 F.3d 357, 368 at n. 9 (3d Cir. 1993) (in securities action alleging false and misleading prospectus statements, prospectus properly considered by court on motion to dismiss although not attached to pleadings). Here, the respective parties packaging may be considered by this Court because

such packaging is integral to Keurig's allegations and Keurig refers to and discusses such packaging in its pleadings, *e.g.* Second Am. Compl. ¶¶ 35, 36, 57-60, 62-64, 85 (D.I. 41).

### B. Counts III, IV, and VII-IX Of The Second Amended Complaint Should Be Dismissed As Barred By The Affirmative Defense Of Nominative Fair Use

Sturm's GROVE SQUARE coffee cartridges are sold for use in Keurig's single-serve beverage machines. Sturm uses the trademark KEURIG in the descriptive statement "*For use by owners of Keurig® coffee makers" on its packaging. Count III (Trademark Infringement Under 15 U.S.C. § 1114), Count IV (False Designation of Origin Under 15 U.S.C. § 1125(a)), Count VII (Trademark Dilution Under 15 U.S.C. § 1125(c)), and Count VIII (Unfair Competition Under Delaware Uniform Deceptive Trade Practices Act – 6 Del. C. 1953, §2531, *et seq.*) are based exclusively upon Sturm's use of this descriptive statement. *See* Second Am. Compl. ¶¶ 35-45, 51-53, 84-88, 91, 92 and 94 (D.I. 41). Count IX (Unfair Competition – Delaware Common Law), is based in part upon, *see id.* ¶¶ 97, 99, the same use. For the reasons discussed below, Keurig's claims directed against Sturm's use of the specified descriptive statement are barred as nominative fair use.[1]

#### 1. Sturm's Use Of The KEURIG Mark Is A Nominative Fair Use, And, Therefore, Counts III, IV, And VIII-IX Should Be Dismissed.

Nominative fair use is an affirmative defense to trademark infringement and unfair competition claims where a defendant uses the plaintiff's mark to refer to the plaintiff's goods in order to describe the defendant's own goods. *Century 21 Real Estate Corp. v. LendingTree, Inc.*,

---

[1] To state trademark claims under either Federal or Delaware law for infringement, false designation of origin, statutory unfair competition, or common law unfair competition, Keurig must allege: (1) its mark is valid and legally protectable; (2) it owns the mark; and (3) defendant's use of its mark to identify goods or services is likely to cause confusion. *E.g., Sanofi-Aventis v. Advancis Pharm. Corp.*, 453 F. Supp. 2d 834, 847 & n.2 (D. Del. 2006) (citations omitted). For purposes of this motion to dismiss only, Sturm challenges none of these specific elements.

425 F.3d. 211, 220-21 (3d Cir. 2005). Nominative fair use bars all relief to a plaintiff even if the plaintiff establishes that defendant's challenged trademark use causes consumer confusion. *See id.* at 232. "A nominative use defendant need only prove fairness" and "has no duty to negate confusion." *Id.* at 223, n. 3.

> The Third Circuit has established a three-part test for nominative fair use requiring that:
>
>> . . . a defendant must show: (1) that the use of plaintiff's mark is necessary to describe both the plaintiff's product or service and the defendant's product or service; (2) that the defendant uses only so much of the plaintiff's mark as is necessary to describe plaintiff's product; and (3) that the defendant's conduct or language reflect the true and accurate relationship between plaintiff and defendant's products or services.

*Century 21 Real Estate Corp.*, 425 F.3d. at 222. Here, Sturm's use of KEURIG satisfies each element.

**Necessity for Description.** Keurig admits that "Sturm's cartridges have no other use except in Keurig's brewers." Second Am. Compl. ¶ 50 (D.I. 41). It is hardly surprising, therefore, that Sturm informs consumers (*i.e.*, the owners of Keurig's single-serve machines) that Sturm's cartridges are created and sold for their use in Keurig's single-serve machines.

It is well established that where a party uses the trademark of another to truthfully inform consumers that its product was created to be used in or with the trademark owner's product, such use does not constitute either trademark infringement or unfair competition. *See Century 21 Real Estate Corp.*, 425 F.3d. at 219 (citing *Volkswagenwerk AG v. Church*, 411 F.2d 350 (9th Cir. 1969) (auto repair shop could not be prevented from using VOLKSWAGEN and VW marks to inform consumers that it serviced such vehicles)); *Porter v. Farmers Supply Serv., Inc.*, 617 F. Supp. 1175, 1187 (D. Del. 1985) (summary judgment granted to defendant for use of plaintiff's mark to describe defendant's replacement blades for plaintiff's harvester). Moreover, "the court need not find that the use of the mark is indispensable in order to find this factor fulfilled. For,

6

..., the Lanham Act does not compel a competitor to resort to second-best communication." *Century 21 Real Estate Corp.*, 425 F.3d. at 229 (citation and quotation marks deleted); *see also id.* (quoting *New Kids on the Block v. News America Pub., Inc.*, 971 F.2d 302, 307 (9th Cir. 1992) ("[I]t is often virtually impossible to refer to a particular product for purposes of comparison, criticism, point of reference or any other such purpose without using the mark.")).

Here, Sturm's only use of the KEURIG mark is in the descriptive phrase "*For use by owners of Keurig® coffee makers." Keurig admits, *see* Second Am. Compl. ¶ 50 (D.I. 41), that Sturm is informing consumers with this text that Sturm's cartridges are for use with Keurig's single-serve machines.[2] This is precisely the kind of use protected under the nominative fair use defense regardless of the presence or absence of likelihood of confusion and it is implausible that Keurig could prove otherwise.

**Minimal Taking of Mark.** The second prong of nominative fair use concerns only "the quantum [of defendant's] use of the attributes of plaintiff's mark" and is independent of whether use of the plaintiff's mark is reasonably necessary (the first prong). *Century 21 Real Estate Corp.*, 425 F.3d at 229-30 (citation and quotation marks deleted). In determining if defendant made use of only so much of plaintiff's trademark as is necessary to make nominative fair use, "consideration should be given . . . to the manner in which the mark is portrayed. For example, did the defendant use plaintiff's distinctive lettering when using the plaintiff's mark or did defendant, as in this case, simply use block letters to spell out plaintiff's names?" *Id.* at 230.

As depicted below, Keurig employs multiple distinctive displays of its KEURIG mark in connection with its single-serve beverage cartridges:

---

[2] Keurig further appears to equate Sturm's product description with its own, obviously descriptive packaging use of "For Use in Keurig® Brewing Systems." *See* Second Am. Compl. ¶¶ 57 & 63 (D.I. 41); *see also infra* (depictions of Keurig packaging).

7




Wood Decl. ¶ 32, Ex. 2 (D.I. 13).

In sharp contrast, and as depicted below, Sturm does not copy Keurig's distinctive display or design elements; rather, Sturm displays the mark in a simple block letter typeface identical to that of the other words in the descriptive phrase, and without any emphasis, in the lower left quadrant of the package:



*Id.* ¶ 25, Ex. 1.

Here, Sturm easily meets the requirement to minimize its taking of plaintiff's mark to only such quantum of use as is reasonably needed to make permitted fair use.

**Reflects the True and Accurate Relationship.** Sturm's conduct and language reflect the true and accurate relationship between Keurig and Sturm. As previously noted, Sturm uses

8

the descriptive phrase "*For use by owners of Keurig® coffee makers" to accurately inform consumers (*i.e.*, owners of Keurig's single-serve beverage machines) that Sturm's single-serve coffee cartridges are intended for use with Keurig's single-serve beverage machines. *See supra* § IV. There is nothing misleading about this statement.

Nor does Sturm make any other statements that could be construed as misleading regarding the relationship between the parties. Rather, Sturm's cartridges are prominently labeled both with its distinctive GROVE SQUARE & Design mark, as well the prominent legend "MANUFACTURED BY STURM FOODS, INC.[,] MANAWA, WI 54949." *See id.* Moreover, even if Sturm's language could plausibly be construed as suggesting some sort of affiliation with Keurig, Sturm's disclaimer negates any such interpretation. Sturm places a specific disclaimer on its packaging that "*Sturm Foods, Inc. has no affiliation with Keurig, Incorporated." As depicted below, this disclaimer, which is flagged by use of the symbol "*" displayed next to its descriptive use of the KEURIG mark, *see supra* (depiction of Sturm's packaging), is prominently displayed on the bottom packaging panel next to other important packaging elements, including directions for use, "best by" dating, and recommended storage advice:



Wood Decl. ¶ 25, Ex. 1 (D.I. 13). This disclaimer, although not mandatory, accurately reflects that there is no affiliation or sponsorship of Sturm's product by Keurig. *Cf. Century 21 Real Estate Corp.*, 425 F.3d at 231 (directing the inquiry to sponsorship and requiring the district court to consider the disclaimer "LendingTree is not sponsored by or affiliated with the parent franchisor companies of any of the participating members of its network").[3] It is simply improbable that Keurig could ever establish that Sturm has falsely or inaccurately represented the relationship between it and Keurig.

For the foregoing reasons, Sturm's use of plaintiff's KEURIG mark constitutes permitted nominative fair use even if Keurig could establish that the use results in likelihood of confusion.

### 2. Sturm's Fair Use Of The KEURIG Mark Is, By Statute, Non-Dilutive And, Therefore, Keurig's Trademark Dilution Claims Should Be Dismissed

In addition to barring relief for trademark infringement and unfair competition claims based upon allegations of likelihood of confusion, nominative fair use bars Keurig's federal trademark dilution claims, here by statute.[4] Section 1125(c)(3)(A) of Title 15 expressly excludes from the Act as non-actionable dilution, either by blurring or tarnishment, "any fair use,

---

[3] The defendant's use of a disclaimer is not a prerequisite to a finding of fair use. *See id.* at 230-31 (the Third Circuit interpretation of the third fair use element "suggests that we [courts] *can* consider the defendant's failure to state or explain some aspect of the relationship") (emphasis added). Of course, the use of a disclaimer is compelling evidence that the defendant has in fact met the requirement to "reflect the true and accurate relationship between plaintiff and defendant's product." *See id.* (noting cases in which defendant's use of a disclaimer itself established the third fair use element).

[4] To state a federal claim for dilution by blurring, the plaintiff must prove that: (1) its mark is valid and legally protectable; (2) it owns the mark; (3) plaintiff's mark became "famous" prior to defendant's use of defendant's mark; and (4) defendant uses a mark likely to cause dilution by blurring (*i.e.*, erosion of distinctiveness). *See* 15 U.S.C. § 1125(c)(1). To state a federal claim for dilution by tarnishment, the elements are identical but for the final element, namely: (4) defendant uses a mark likely to cause dilution by tarnishment (*i.e.*, injury to reputation of mark). *See id.*

including a nominative or descriptive fair use, or facilitation of such fair use, of a famous mark by another person other than as a designation of source for the person's own goods or services, . . . ." Whether Keurig's federal dilution claim is one for blurring or tarnishment or for both is of no consequence because *all* such claims are excluded from the Act.

As with Keurig's trademark and unfair competition claims based upon an alleged likelihood of confusion, Keurig's federal dilution claims are based upon Sturm's use of the KEURIG mark in the descriptive statement "*For use by owners of Keurig® coffee makers." *See supra* § IV. In determining if dilution is non-actionable under 15 U.S.C. § 1125(c)(3)(A), courts have consistently applied the same test used for evaluating nominative fair use in the context of trademark infringement and unfair competition claims based upon an alleged likelihood of confusion. *See, e.g.*, *Rin Tin Tin, Inc. v. First Look Studios, Inc.*, 671 F. Supp. 2d 893, 898 (S.D. Tex. 2009); *Frontrange Solutions USA, Inc. v. Newroad Software, Inc.*, 505 F. Supp. 2d 821, 834-35 (D. Colo. 2007). As established with respect to the likelihood of confusion claims, because Sturm's only use of the KEURIG mark is a fair use (established above), Keurig's federal trademark dilution claims are barred and should be dismissed.

Accordingly, this Court should dismiss Counts III, IV, VII, and VIII of Keurig's Complaint in their entirety, and Count IX to the extent it relies upon Sturm's use of the KEURIG mark, because such use is a fair use, not a violation of Keurig's trademark rights.

## VI. CONCLUSION

For the foregoing reasons, Keurig's claims for trademark infringement and dilution in Counts III and VII, false designation of origin in Count IV, and unfair competition in Counts VII and IX fail to state a claim upon which relief can be grated. Sturm respectfully requests that the Court dismiss, in part, as set forth herein Keurig's Second Amended Complaint pursuant to Rule 12(b)(6).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: |  |
|  | By: */s/ David E. Moore* |
| Craig S. Fochler | Richard L. Horwitz (#2246) |
| FOLEY & LARDNER LLP | David E. Moore (#3983) |
| 321 North Clark Street, Suite 2800 | Hercules Plaza, 6th Floor |
| Chicago, IL 60654-5313 | 1313 N. Market Street |
| Tel: (312) 832-4500 | Wilmington, DE  19801 |
|  | Tel:  (302) 984-6000 |
| Allen A. Arntsen | rhorwitz@potteranderson.com |
| FOLEY & LARDNER LLP | dmoore@potteranderson.com |
| Verex Plaza |  |
| 150 East Gilman Street | *Attorneys for Defendant Sturm Foods, Inc.* |
| Madison, WI 53703 |  |
| Tel: (608) 257-5035 |  |

Dated:  December 7, 2010
992314 / 35644

12

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on December 7, 2010, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on December 7, 2010, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Karen Elizabeth Keller | Gerald B. Hrycyszyn |
| Young, Conaway, Stargatt & Taylor | Michael A. Albert |
| The Brandywine Building | Wolf, Greenfield & Sacks, P.C. |
| 1000 West Street, 17th Floor | 600 Atlantic Avenue |
| Wilmington, DE 19899-0391 | Boston, MA 02210 |
| kkeller@ycst.com | ghrycyszyn@wolfgreenfield.com |
| | malbert@wolfgreenfield.com |

By: */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

987174/35644