IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG, INCORPORATED,<br><br>      Plaintiff,<br><br>v.<br><br>STURM FOODS, INC.,<br><br>      Defendants. | Civil Action No. 10-00841-SLR |

**KEURIG, INCORPORATED'S ANSWERING BRIEF IN
OPPOSITION TO STURM FOODS, INC.'S
MOTION TO DISMISS IN PART PLAINTIFF'S AMENDED COMPLAINT**

John W. Shaw (No. 3362)
*jshaw@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

OF COUNSEL
Michael A. Albert
malbert@wolfgreenfield.com
Gerald B. Hrycyszyn
ghrycyszyn@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8000

*Attorneys for Plaintiff Keurig, Incorporated*

Dated: December 23, 2010

TABLE OF CONTENTS

I.   SUMMARY ........................................................................................................ 1

II.  NATURE AND STAGE OF THE PROCEEDINGS ........................................... 2

III. ARGUMENT ..................................................................................................... 3

     A.  THE COURT MUST ACCEPT AS TRUE THAT STURM INFRINGES KEURIG'S MARK ............ 3

     B.  STURM'S NOMINATIVE FAIR USE DEFENSE IS NOT AN APPROPRIATE GROUND
         FOR A RULE 12(B)(6) DISMISSAL .................................................................... 4

         1.  Keurig's Pleadings Sufficiently Allege That Sturm's Cartridges and
             Packaging Do Not Reflect the True and Accurate Relationship Between
             Keurig and Sturm's Product ...................................................................... 5

     C.  KEURIG'S FEDERAL TRADEMARK DILUTION CLAIM (COUNT VII) SHOULD NOT
         BE DISMISSED ........................................................................................... 7

     D.  KEURIG'S DELAWARE STATUTORY AND COMMON LAW CLAIMS (COUNTS VIII
         AND IX) SHOULD NOT BE DISMISSED ............................................................ 7

IV.  CONCLUSION .................................................................................................. 8

065927.1002

## TABLE OF AUTHORITIES

**CASES**

A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.,
    237 F.3d 198 (3d Cir. 2000) ................................................................................ 3

Buck v. Hampton Township School District,
    452 F.3d 256 (3d Cir. 2006) ................................................................................ 8

Century 21 Real Estate Corp. v. Lendingtree, Inc.,
    425 F.3d 211 (3d Cir. 2005) ......................................................................... 4, 5, 6

Christopher v. Harbury,
    536 U.S. 403 (2002) ............................................................................................. 3

David's Bridal, Inc. v. The House of Brides, Inc.,
    2010 WL 323306 (D. N.J. Jan. 20, 2010) ........................................................... 5

Erickson v. Pardus,
    551 U.S. 89 (2007) ............................................................................................... 3

Hensley Mfg., Inc. v. Propride, Inc.,
    579 F.3d 603 (6th Cir. 2009) .............................................................................. 4

Pennzoil-Quaker State Co. v. Smith,
    2008 WL 4107159 (W.D. Penn. Sept. 2, 2008) ................................................ 6

Xpoint Technologies, Inc. v. Microsoft Corp.,
    No. 09-628-SLR, 2010 WL 3187025 (D. Del. August 12, 2010) ...................... 3

**RULES**

Fed. R. Civ. P. 12(b)(6)................................................................................ 1, 3, 4, 5

I.     **SUMMARY**

In deciding this motion, the Court must accept as true each and every factual element pled in support of Keurig's claim of trademark infringement, dilution, and unfair competition. Specifically, the Court must presume that Sturm has, without authorization, used Keurig's trademark – KEURIG® – and that such use has caused consumers to mistakenly believe that Sturm's cartridges are made or endorsed by Keurig, or that Keurig is otherwise affiliated with Sturm or its cartridges.

Sturm does not dispute that each such factual element of Keurig's trademark infringement claim is true. Sturm argues only that the consumer confusion caused by its infringement of the KEURIG® mark is excusable as nominative fair use. Based solely on this defense, Sturm seeks to dismiss Keurig's trademark infringement, dilution, and unfair competition claims under Fed. R. Civ. P. 12(b)(6). But Sturm's defense is not an unfettered right to infringe the KEURIG® mark or unfairly compete with Keurig; it is a qualified defense highly dependent on factual determinations.

Indeed, no court in the Third Circuit, that Keurig could find, has dismissed a trademark infringement claim or any other claim pursuant to Rule 12(b)(6) on the basis of a nominative fair use defense. Nor did Sturm cite to any such case in its opening brief.

Moreover, the facts presented here make Keurig's trademark infringement, dilution, and unfair competition claims inappropriate for adjudication pursuant to Rule 12(b)(6). In particular, Sturm's nominative fair use defense fails because the facts presented in Keurig's second amended complaint, which the Court must accept as true, demonstrate that Sturm's cartridges and beverage cartridge packaging do not reflect the true and accurate relationship between Keurig and Sturm's products.

1

## II. NATURE AND STAGE OF THE PROCEEDINGS

Keurig filed its original complaint on October 1, 2010, asserting patent, trademark and trade dress infringement, and other claims. (D.I. 1) On October 18, 2010, Keurig filed an amended complaint to add allegations of false advertising and unfair competition. (D.I. 8)

On October 18, 2010, Keurig also filed a motion for preliminary injunction on its trademark infringement and false advertising claims. (D.I. 9-14) The parties completed formal briefing on Keurig's motion for a preliminary injunction on November 16, 2010. (D.I. 33-38) However, on November 23, 2010, Sturm filed a motion to strike certain evidence (D.I. 42-44) included with Keurig's reply in support of its motion for a preliminary injunction (D.I. 33-38). On December 20, 2010, the parties completed briefing on Sturm's motion to strike.

On November 4th, 2010, Sturm filed a motion to dismiss (D.I. 21-22) certain claims in Keurig's first amended complaint (D.I. 8). On November 22, 2010 the parties filed a joint stipulation seeking entry of Keurig's second amended complaint and withdrawal of Sturm's motion to dismiss. (D.I. 40) In accordance with the joint stipulation, on November 23, 2010, Keurig filed its second amended complaint adding details regarding its indirect patent infringement claims and dropping its unjust enrichment claim. (D.I. 41)

Sturm has renewed its motion to dismiss Keurig's claims of federal trademark infringement (Count III), federal false designation of origin (Count IV), federal trademark dilution (Count VII), deceptive trade practices under the Delaware Uniform Deceptive Trade Practices Act (Count VIII), and unfair competition under Delaware common law. (D.I. 46-47) Keurig herewith opposes that motion.

III.   **ARGUMENT**

When all of the factual allegations in Keurig's amended complaint are taken as true, as they must be in the context of a motion to dismiss under Rule 12(b)(6), it is clear that Keurig has sufficiently pled trademark infringement, dilution, and unfair competition causes of action (D.I. 41, Counts III, IV, VII, VIII, and IX) upon which relief may be granted.  For that reason, Sturm's motion to dismiss should be denied.

A.   THE COURT MUST ACCEPT AS TRUE THAT STURM INFRINGES KEURIG'S MARK

"In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept [Keurig's] factual allegations . . . as true and draw all reasonable inferences in its favor." Xpoint Technologies, Inc. v. Microsoft Corp., No. 09-628-SLR, 2010 WL 3187025, at *2  (D. Del. August 12, 2010), citing Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).

Accordingly, the Court must accept as true that Keurig has established each element necessary to prove trademark infringement:  (1) Keurig has a valid and legally protectable mark – the KEURIG® mark; (2) Keurig owns the KEURIG® mark; and (3) Sturm's use of the KEURIG® mark to identify its Grove Square cartridges causes a likelihood of confusion.  See A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198, 210 (3d Cir. 2000); see also D.I. 41 at ¶¶30-43.  Indeed, Sturm does not deny that Keurig owns a valid mark, KEURIG®, nor does Sturm deny that its use of the KEURIG® mark is likely to cause consumers to mistakenly believe that Sturm's cartridges are made or endorsed by Keurig, or that Keurig is otherwise affiliated with Sturm or its cartridges.  See D.I. 47 at n. 1.

Because the Court must accept as true each of the above factual elements, Keurig has pled a successful trademark infringement claim against Sturm.

### B.     STURM'S NOMINATIVE FAIR USE DEFENSE IS NOT AN APPROPRIATE GROUND FOR A RULE 12(B)(6) DISMISSAL

Sturm argues that the consumer confusion caused by its infringement of the KEURIG® mark is excusable as nominative fair use.  But Sturm's nominative fair use defense is not an unfettered right to infringe the KEURIG® mark or compete unfairly; it is a qualified defense highly dependent upon factual determinations.  The facts presented here make this claim inappropriate for adjudication pursuant to Rule 12(b)(6).

Not surprisingly, no court in the Third Circuit, that Keurig could find, has dismissed any claim pursuant to Rule 12(b)(6) on the basis of a nominative fair use defense.  Nor did Sturm cite to any such case in its opening brief.  Indeed, Sturm cites **no case** dismissing a claim pursuant to Rule 12(b)(6) on the basis of a nominative fair use defense.[1]

The Third Circuit explained that nominative fair use applies only when three conditions are met: (1) the use of Keurig's mark is necessary to describe Sturm's cartridges or Keurig's brewers; (2) only so much of the Keurig's mark is used as is necessary to describe Sturm's product; and (3) Sturm's conduct or language reflects the true and accurate relationship between the Sturm's and Keurig's products or services.  See Century 21, 425 F.3d at 228.

These are disputed facts that cannot be resolved based on the pleadings alone.  When the trademark infringement and federal unfair competition allegations in Keurig's amended complaint are taken as true, as they must be in the context of this motion, it is clear that Keurig

---

[1] The only case Sturm cites for this proposition is inapplicable.  See Sturm's Motion to Dismiss, D.I. 47 at 4 (citing Hensley Mfg., Inc. v. Propride, Inc., 579 F.3d 603, 612-13 (6th Cir. 2009)).  In Hensley the Sixth Circuit dismissed the trademark claim because of classic fair use which relies on a entirely different rationale than that applied by the Third Circuit for nominative fair use.  As the Third Circuit stated, "a distinct analysis is needed for nominative fair use cases."  Century 21 Real Estate Corp. v. Lendingtree, Inc., 425 F.3d 211, 220 (3d Cir. 2005).

has stated a basis upon which relief may be granted.  Sturm's nominative fair use defense does

not form a basis for dismissal under Rule 12(b)(6).

### 1. Keurig's Pleadings Sufficiently Allege That Sturm's Cartridges and Packaging Do Not Reflect the True and Accurate Relationship Between Keurig and Sturm's Product

As the allegations of Keurig's second amended complaint set forth (D.I. 41 at ¶¶ 35-43),

Sturm's cartridges and beverage cartridge packaging do not reflect the true and accurate

relationship between Keurig and Sturm's products.  Sturm's theory that its use statement cannot

be actionable because it is "true" does not resolve the issue.

This Court's fair use analysis must look beyond the alleged "truth" of Sturm's affirmative

statements.  The Court must also "consider [Sturm's] **failure to state or explain some aspect of**

**the relationship**" and the Court "should look at the precise way in which what [Sturm] said, **or**

**did not say**, other than the mere presence of the mark on the [packaging], may have inaccurately

implied endorsement or sponsorship."  Century 21, 425 F.3d at 231 (emphasis added).  All of

these are fact issues that cannot be resolved at the pleading stage.

Sturm's use statement does **nothing** to explain the relationship between Keurig and

Sturm's products.  Sturm's cartridge packaging simply states:  "For use by owners of Keurig®

coffee makers."  Like the "compare to…" statement in David's Bridal, Inc. v. The House of

Brides, Inc., Sturm's statement "is so manifestly confusing that no reasonable person could

ascertain from it the true and accurate relationship between Plaintiffs' and Defendants'

products."  2010 WL 323306 at *7 (D.N.J. Jan. 20, 2010) (finding **no nominative fair use**).  At

a minimum, the Court must so assume for the purposes of a Rule 12(b)(6) motion.

Moreover, the Court must accept as true that consumers, upon reading Sturm's use

statement, will mistakenly believe that Keurig has authorized, sponsored, or endorsed Sturm's

beverage cartridges.  See D.I. 41 at ¶¶35-36, 40-43.  The existence of such consumer confusion

necessitates the conclusion that Sturm failed to craft its beverage cartridges and cartridge

packaging in such a way that reflects the true and accurate relationship between the Keurig and

Sturm products.  Instead, Sturm's packaging misleadingly suggests to consumers that some

relationship exists between Sturm's and Keurig's products.  See D.I. 41 at ¶¶ 35-36.

The Court must also accept as true that consumers are unlikely to see Sturm's

"disclaimer" of affiliation – hidden in small font, on the bottom of the packaging for its

cartridges where no one will look.[2]  See D.I. 41 at ¶36.  Even if Sturm's fine-print "disclaimer"

on the bottom of the box were visible at point-of-sale, it does not "reflect the true and accurate

relationship between plaintiff and defendant's products." Century 21, 425 F.3d at 231.  It does

not, for example, note that Sturm's product is not endorsed by, licensed by, and does not meet

any of the quality control standards of, Keurig or even non-Keurig cartridges that are licensed for

use in Keurig brewers.[3]  See Pennzoil-Quaker State Co. v. Smith, 2008 WL 4107159 at *30

(W.D. Penn. Sept. 2, 2008) (rejecting a nominative fair use defense where defendant's signage

did not clarify the parties' relationship).

---

[2] Similarly, Sturm goes to great lengths to obscure its relationship to the Grove Square
cartridges.  Unlike the prominent display of the KEURIG® mark on the front face of the
packaging for the Grove Square cartridge (i.e., the face of the packaging displayed to consumers
on retail shelves), the word "Sturm" appears only on the back and bottom faces of the packaging
where consumers are not likely to look.  The sample of an actual Sturm cartridge package
submitted with Keurig's preliminary injunction reply brief best illustrates why Sturm's
packaging fails to reflects the true and accurate relationship between Keurig and Sturm's
cartridges.  See Declaration of Chelsea A. Loughran in Support of Keurig's Motion for
Preliminary Injunction, D.I. 36, ¶ 13, Ex. I.

[3] Any disclaimer on the accused product's packaging must "reflect the true and accurate
relationship between plaintiff and defendant's products." Century 21, 425 F.3d at 231.  Indeed,
in that case, the disclaimer stated "[Defendant] is not **sponsored by or affiliated** with the
[Plaintiff] companies of any of the participating members of its network" indicating that more
than a simple disclaimer of "affiliation" is necessary to trigger fair use.  Id. (emphasis added).
Here, Sturm's "use" statement does nothing to explain the relationship (or lack thereof) between
Keurig and Sturm's product.  And Sturm's hidden disclaimer is vague and does not, for example,
explain that Sturm's product is not endorsed by or licensed by Keurig.

The briefing associated with Keurig's preliminary injunction motion further details why Sturm's fair use defense must fail.  Consumers are likely to be confused and believe that Sturm's beverage cartridges are authorized, sponsored, or endorsed by Keurig, or that Sturm and Keurig are affiliated with one another.  Accordingly, the Court should deny Sturm's motion with respect to Keurig's trademark infringement (Count III) and federal unfair competition (Count IV) claims.  At a minimum, the pleadings suffice to allow the discovery and fact finding process to go forward.

**C.  KEURIG'S FEDERAL TRADEMARK DILUTION CLAIM (COUNT VII) SHOULD NOT BE DISMISSED**

In a conclusory fashion, Sturm contends that "because Sturm's only use of the KEURIG mark is a fair use . . . Keurig's federal trademark dilution claims are barred." D.I. 47 at 11. Sturm cites to no case in the Third Circuit analyzing nominative fair use in the context of federal trademark dilution claims.  Nor does Sturm provide any other support for its argument, other than an "established above" reference to the arguments it presented with respect to Keurig's trademark infringement claims.  Id.  Accordingly, for these reasons and the same reasons discussed in detail above, Keurig's federal trademark dilution claim (Count VII) should not be dismissed.

**D.  KEURIG'S DELAWARE STATUTORY AND COMMON LAW CLAIMS (COUNTS VIII AND IX) SHOULD NOT BE DISMISSED**

Similarly, in a conclusory fashion, Sturm contends that Keurig's unfair competition claims under the Delaware Uniform Deceptive Trade Practices Act (Count VIII) and unfair competition claims under Delaware common law (Count IX) should be dismissed.  Sturm cites to no case analyzing nominative fair use in defense of such claims under the Delaware Uniform Deceptive Trade Practices Act or Delaware common law.  Nor does Sturm provide any other

support for its argument, other than the arguments it presented with respect to Keurig's federal trademark claims.  Accordingly, for these reasons and the same reasons discussed in detail above, Keurig's claims under the Delaware Uniform Deceptive Trade Practices Act and Delaware common law (Counts VIII and IX) should not be dismissed.

## IV.   CONCLUSION

A district court "may not dismiss a complaint for failure to state a claim upon which relief may be granted unless [it] find[s] that [Keurig] can prove no set of facts that would entitle [it] to relief."  Buck v. Hampton Township School District, 452 F.3d 256, 260 (3d Cir. 2006). Here, the facts regarding Keurig's trademark infringement, dilution, and unfair competition claims (Counts III, IV, VII, VIII, IX), as presented in Keurig's second amended complaint, which the Court must accept as true, demonstrate that Keurig is entitled to the relief it seeks and dismissal of those claims is not appropriate.  For the above reasons, the Court should deny Sturm's motion to dismiss.

Dated: December 23, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
*jshaw@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

OF COUNSEL
Michael A. Albert
malbert@wolfgreenfield.com
Gerald B. Hrycyszyn
ghrycyszyn@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8000

*Attorneys for Plaintiff Keurig, Incorporated*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on December 23, 2010, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire [*rhorwitz@potteranderson.com*]
> David E. Moore, Esquire [*dmoore@potteranderson.com*]
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street, 6th Floor
> Wilmington, Delaware 19801

Additionally, I hereby certify that on December 23, 2010, copies of the foregoing document were served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated below:

### BY E-MAIL

> Craig S. Fochler, Esquire [*cfochler@foley.com*]
> Foley & Lardner LLP
> 321 N. Clark Street
> Suite 2800
> Chicago, IL  69654-5313

> Allen A. Arntsen, Esquire [*aarntsen@foley.com*]
> Foley & Lardner LLP
> Verex Plazsa
> 150 East Gilman Street
> Madison, WI  53703

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Karen E. Keller*
Karen E. Keller (No. 4489) [*kkeller@ycst.com*]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302)-571-6600

*Attorneys for Plaintiff Keurig, Incorporated*

2