IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG INCORPORATED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 10-841-SLR |
| v. | ) |
| | ) |
| STURM FOODS, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT STURM FOODS, INC.'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS IN PART PLAINTIFF'S
SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

OF COUNSEL:

Craig S. Fochler
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Tel: (312) 832-4500

Allen A. Arntsen
FOLEY & LARDNER LLP
Verex Plaza
150 East Gilman Street
Madison, WI 53703
Tel: (608) 257-5035

Dated: January 3, 2011
995348 / 35644

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Sturm Foods, Inc.*

# TABLE OF CONTENTS

Page(s)

I. STATEMENT ...........................................................................................................1

II. ARGUMENT............................................................................................................1

    A. Standard for Dismissal Pursuant to Rule 12(b)(6)......................................1

    B. Likelihood of Confusion Claims .................................................................2

    C. Trademark Dilution Claim..........................................................................7

III. CONCLUSION ........................................................................................................7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal,*
   129 S. Ct. 1937 (2009)..................................................................................................1

*Bell Atlantic Corp. v. Twombly,*
   127 S. Ct. 1955 (2007)..................................................................................................1

*Century 21 Real Estate Corp. v. LendingTree, Inc.,*
   425 F.3d. 211 (3d Cir. 2005) ..................................................................................2, 3, 6

*David's Bridal, Inc. v. House of Brides, Inc.,*
   No. 06-5660 (SRC), 2010 WL 323306 (D.N.J. Jan. 20, 2010) .....................................5

*Hsu v. Wolpoff & Abramson L.L.P.,*
   C.A. Nos. Civ. 06-401-MPT & 08-293-MPT, 2009 WL 2984277
   (D. Del. Sept. 18, 2009)................................................................................................1

*Jacobsen v. Bank of Am., N.A.,*
   No. 3:09-cv-00077, 2010 WL 5140686 (W.D. Va. Dec. 13, 2010) .............................5

*Kellogg Co. v. National Biscuit Co.,*
   305 U.S. 111 (1938) .....................................................................................................6

*Merkle v. T-Mobile USA, Inc.,*
   No. 07-3401 (KSH), 2008 WL 2983530 (D.N.J. July 31, 2008) .................................1

*Nautilus Group, Inc. v. Icon Health & Fitness, Inc.,*
   372 F.3d 1330 (Fed. Cir. 2004) ................................................................................4, 6

*Pennzoil – Quaker State Co. v. Smith,*
   No. 2:05-cv-1505, 2008 WL 4107159 (W.D. Pa. Sept. 2, 2008).................................5

*Rin Tin Tin, Inc. v. First Look Studios, Inc.,*
   671 F. Supp. 2d 893 (S.D. Tex. 2009)..........................................................................2

*Versa Prods. Co., Inc. v. Bifold Co. (Mfg.) Ltd.,*
   50 F.3d 189 (3d Cir. 1995) ...........................................................................................6

**Rules and Statutes**

15 U.S.C. § 1125(c)(3)(A)...................................................................................................7

I.    **STATEMENT**

Defendant, Sturm, Inc. ("Sturm"), files this reply memorandum in further support of its motion to dismiss Counts III, IV and VII through IX of the Second Amended Complaint filed by plaintiff, Keurig, Inc. ("Keurig"). As set forth below, Keurig's opposition to this motion is based in large part on contentions that this Court should accept as true facts which are not alleged in its pleadings, and on misstatements of the applicable law. Sturm's motion, therefore, should be granted.

II.    **ARGUMENT**

A.    **Standard for Dismissal Pursuant to Rule 12(b)(6)**

Keurig erroneously argues that dismissal under Fed. R. Civ. P. 12(b)(6) is improper without a finding that Keurig "can prove no set of facts that would entitle [it] to relief." Pl. Opp. 8 (D.I.52). As the Supreme Court has held, "where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not 'show[n]' . . . 'that the pleader is entitled to relief,'" and a Rule 12(b)(6) dismissal is proper. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *see also Merkle v. T-Mobile USA, Inc.*, No. 07-3401 (KSH), 2008 WL 2983530, at *2 (D.N.J. July 31, 2008) ("[I]t is no longer good law to frame the analysis that a motion to dismiss succeeds only if it appears to a certainty that no relief could be granted under any set of facts which could be proved."(citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007)).[1]

---

[1] Keurig wrongly asserts that "the Court must accept as true that Sturm infringes Keurig's mark." Pl. Opp. 7-8 (D.I.52). "Infringement" is an ultimate legal conclusion. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Hsu v. Wolpoff & Abramsom L.L.P.*, C.A. Nos. Civ. 06-401-MPT and 08-293-MPT, 2009 WL 2984277, at *3 (D. Del. Sept. 18, 2009) (citing *Iqbal*, 129 S.Ct. at 1949).

### B. Likelihood of Confusion Claims

Counts III, IV, VIII and IX are trademark and unfair competition claims turning upon the issue of likelihood of confusion (collectively "Infringement Claims").[2] It is uncontroverted that the nominative fair use defense bars all relief for Infringement Claims. *Compare* Def. Br. 6 (D.I.47), *with* Pl. Opp. 3-8 (D.I.52). Here, Keurig implicitly concedes that Sturm has proved two of the three elements of the nominative fair use defense, namely:

1. It is necessary for Sturm to use the "Keurig" trademark to inform consumers that Sturm's cartridges are intended for use with Keurig's coffee brewers. *Compare* Def. Br. 6-7 (D.I.47), *with* Pl. Opp. 4-5 (D.I.52).[3]

2. Sturm's taking of the "Keurig" trademark was only that reasonably necessary to make nominal fair use. *Compare* Def. Br. 7-8 (D.I.47), *with* Pl. Opp. 4-5 (D.I.52).

The third nominative fair use element is whether Sturm's "conduct or language reflect the true and accurate relationship between plaintiff and defendant's product . . . ." *Century 21 Real*

---

[2] Although Keurig baldly asserts that Sturm has failed to establish the applicability of the nominative fair use defense to Counts VIII (Delaware Uniform Deceptive Trade Practices) and IX (Delaware common law unfair competition), *see* Pl. Opp. 7-8 (D.I.52), it is uncontroverted that the elements of these claims are in all material respects identical to Keurig's claims for federal trademark infringement (Count III) and statutory unfair competition (Count IV). *Compare* Def. Br. n.1 (D.I.47), *and* Pl. Prelim. Inj. Br. 8 (D.I.11), *with* Pl. Opp. 3, 7-8 (D.I.52). Given the identity of these claims, it is illogical to argue that a defense to the federal claims is not equally applicable to the state law claims. *See, e.g., Rin Tin Tin, Inc. v. First Look Studios, Inc.*, 671 F. Supp. 2d 893, 902 (S.D. Tex. 2009) ("[T]he Court's finding of 'fair use' as a defense to Plaintiff's federal claims also bars Plaintiff's state-law claims.").

[3] Although Keurig argues that determination of all three nominative fair use elements are factually intensive inquiries, *see* Pl. Opp. 4-5 (D.I.52), it is clear that these two factual elements of Sturm's nominal fair use defense are either admitted (e.g., Sturm cannot sell its cartridges without telling consumers they are for Keurig's coffee brewers), *see* Def. Br. 6-7 (D.I.47), or uncontroverted (e.g., Sturm makes minimal use of "Keurig" mark without copying any distinctive display elements). *See id.* 7-8.

*Estate Corp. v. LendingTree, Inc.*, 425 F.3d 211, 228 (3d Cir. 2005). Keurig contests this third element, but on wholly erroneous legal and factual bases.

In evaluating Sturm's "conduct or language," the Court is to evaluate what Sturm "said, or did not say, other than the mere presence of [plaintiff's] mark . . ., [which] may have inaccurately implied endorsement or sponsorship by [plaintiff]." Contrary to Keurig's argument, Pl. Opp. 5-7 (D.I.52), a disclaimer providing a full exposition of the parties' relationship to one another is not a prerequisite to finding fair use. *See Century 21*, 425 F.3d at 230-31 (the Third Circuit interpretation of the third fair use element "suggests that we [courts] **can** consider the defendant's failure to state or explain some aspect of the relationship" (emphasis added)). Of course, the use of a disclaimer is compelling evidence that the defendant has in fact met the requirement to "reflect the true and accurate relationship between plaintiff and defendant's product." *See id.* (noting cases in which defendant's use of a disclaimer itself established the third fair use element).

Not only does Keurig erroneously argue that a disclaimer is a legal requirement of fair use, it baldly argues that such disclaimer must provide a laundry list of disclosures to be given any effect ("Sturm's product is not endorsed by, licensed by, and does not meet any of the quality control standards of, Keurig" or its licensees). Pl. Opp. 6 (D.I. 52). That a disclaimer is legally ineffective without Keurig's laundry list is directly contrary to the Third Circuit's *Century 21* opinion where it held that the disclaimer "[Defendant] is not sponsored by or affiliated with [a class of persons, including Plaintiff]" was "[]important" evidence that defendant had complied with the third element of the fair use defense. 425 F.3d at 231.[4]

---

[4] Keurig wrongly argues (inconsistent with its own prior argument that a vast litany of disclaimer language is required) that because the disclaimer here does not include the additional language

Moreover, as discussed *infra* at 6, Keurig ignores its own declarants' testimony that Sturm's packaging statements, including its disclaimer, actually disclose the true relationship between Keurig and Sturm's products.

Here, the record is replete with evidence that establishes that Sturm's actions and language truthfully and accurately reflect the relationship between Keurig and Sturm's products. In addition to its use of a disclaimer, Sturm affirmatively represents on its product packaging that it (rather than Keurig) is the source of the products (e.g., "manufactured by Sturm," the GROVE SQUARE mark, the Sturm copyright notice and the Sturm web address).[5] Sturm further accurately and truthfully represents that its coffee cartridges are for use in Keurig coffee makers through its use statement "*For use by owners of Keurig® coffee makers." This sole Sturm use of the "Keurig" mark is flagged with an asterisk to direct consumers to the disclaimer "**Sturm Foods, Inc. has no affiliation with Keurig, Incorporated**."

Keurig argues, but is wrong as a matter of law, that this Court is required to find that Sturm's disclaimer is both ineffective and unlikely to be seen by consumers. *See* Pl. Opp. 6 (D.I.52). First, Keurig has not pleaded such "facts." Paragraph 36 of its Second Amended Complaint (D.I.41), which Keurig cites in support of this argument, alleges only that the Sturm

---

"sponsored by" in conjunction with "affiliated with," *see* Pl. Opp. n.3 (D.I.52), Sturm's disclaimer is deficient. Keurig's argument essentially reduces the Court's analysis to a word counting game. It is not objectively reasonable to argue, as does Keurig here, *id.*, that a simple declarative statement that Sturm is not affiliated with Keurig leaves open the possibility that Sturm is "endorsed [] or licensed by Keurig."

[5] Keurig's erroneous contention that the "Sturm" name is obscured on its packaging is patently untrue. *See* Pl. Opp. n.2 (D.I.52). Further, its argument that Sturm acted deceptively by failing to place the "Sturm" name on the front panel of its packaging ignores the fact that Sturm's trademark GROVE SQUARE is prominently displayed on, *inter alia*, the front packaging panel and that, for example, Keurig's own CAFÉ ESCAPES product packaging does not place the manufacturers' name on the front panel. *See* Mandly Decl. ¶6 & Ex. 7 (D.I.28).

disclaimer "is not visible to consumers in the normal manner in which the package is displayed on shelves in retail locations." Nowhere does Keurig's Complaint allege that the disclaimer would go unseen during the normal course of a purchase or, when read, be ineffective.

Likewise, Keurig's contention that this Court must assume for Rule 12(b)(6) purposes, that no reasonable person could ascertain the parties' true and accurate relationship from Sturm's disclaimer is erroneous. *See* Pl. Opp. 5 (D.I.52). Again, Keurig never pleaded these facts. *See* Second Am. Comp. (D.I. 41). "Further, [a]lthough the court owes the complaint a presumption of the truth, it need not accept as true that which is demonstratively false." *Jacobsen v. Bank of Am., N.A.*, No. 3:09-cv-00077, 2010 WL 5140686, at *3-4 (W.D. Va. Dec. 13, 2010) (citation omitted) (In action involving purported failure to provide a "clear[] and conspicuous[]" transaction disclosure, court granted Rule 12(b)(6) motion in face of pleaded allegation that transaction disclosure language was "confusing, ambiguous, and less than clear.") Accordingly, this Court is free to review Sturm's packaging and reach its own reasonable conclusions respecting the Sturm disclaimer language.[6]

Without citation to *any* authority, Keurig also erroneously argues that Sturm's nominative fair use defense must be rejected because Keurig alleges that consumers will be caused by

---

[6] *David's Bridal, Inc. v. House of Brides, Inc.*, No. 06-5660 (SRC), 2010 WL 323306 (D.N.J. Jan. 20, 2010) (Pl. Opp. 5 (D.I.52)), is inapposite. There, defendant used plaintiff's mark "David's Bridal," including its distinctive logo display, in a series of statements consisting primarily of "Compare to David's Bridal," coupled with the claim "authorized retailer." *Id.* at *3, *7-8. In sharp contrast here, Sturm makes a simple, truthful descriptive use of the phrase "*For use by owners of Keurig® coffee makers," in conjunction with its disclaimer "*Sturm Foods, Inc. has no affiliation with Keurig, Incorporated."

Similarly inapposite is *Pennzoil – Quaker State Co. v. Smith*, No. 2:05-cv-1505, 2008 WL 4107159 (W.D. Pa. Sept. 2, 2008) (Pl. Opp. 6 (D.I.52)). There, defendant's principal signage most prominently featured the distinctive "Pennzoil" Logo, together with the statement "We feature PENNZOIL Products" (again incorporating the logo) when in fact it sold 5% or less Pennzoil branded products. *Id.*

Sturm's use statement, not its disclaimer, to believe that Sturm's cartridges "are authorized, sponsored or endorsed by Keurig." *See* Pl. Opp. 7 (D.I.52). Keurig's position not only ignores the existence of Sturm's disclaimer and other package information identifying Sturm as the source of its products, it completely disregards the unambiguous holding of *Century 21*, 425 F.3d at 232, that nominative fair use bars all relief to a plaintiff *even if the plaintiff establishes that defendant's challenged trademark use causes consumer confusion.* "A nominative use defendant need only prove fairness" and "*has no duty to negate confusion.*" *Id.* at 223, n. 3 (emphasis added).

Keurig also misrepresents to this Court that it has introduced evidence of consumer confusion supporting its Infringement Claims. *See* Pl. Opp. 7 (D.I.52). Of course, such evidence is not properly before the Court on a Rule 12(b)(6) motion. More importantly, however, such "evidence" represents non-actionable confusion which does not support Keurig's Infringement Claims. *See, e.g.,* Def. Mot. To Strike Reply 9-10 (D.I.51). Additionally, Keurig's so-called confusion witnesses establish that consumers understand the Sturm packaging statements to disclose that the challenged product is neither put out by, nor approved by, Keurig; rather, they understand it to be a Sturm product. *See id.*[7]

---

[7] Keurig repeatedly suggests that consumer confusion resulting from the mere similarity of the respective cartridges, rather than use of the "Keurig" trademark on Sturm's packaging, is actionable trademark infringement and unfair competition. *See* Pl. Opp. 5-6, 7 (D.I.52). This is wrong as a matter of law. *Nautilus Group, Inc. v. Icon Health & Fitness, Inc.*, 372 F.3d 1330, 1338 (Fed. Cir. 2004); *Versa Prods. Co., Inc. v. Bifold Co. (Mfg.) Ltd.*, 50 F.3d 189, 207 (3d Cir. 1995)("It is not unfair competition for someone to trade off the good will of a product" (citing *Kellogg Co. v. National Biscuit Co.*, 305 U.S. 111, 121 (1938))); *see also* Def. Motion to Strike Reply 10 (D.I.43).

### C. Trademark Dilution Claim

Count VII is a claim for trademark dilution. It is uncontroverted that, as a matter of black letter law, nominative fair use of plaintiff's trademark is excluded from the scope of actionable dilution under the statute, 15 U.S.C. §1125(c)(3)(A). *Compare* Def. Br. 10-11 (D.I.47), *with* Pl. Opp. 7 (D.I.52). It is further uncontroverted that, federal courts consistently have equated the nominative fair use defense for Infringement Claims with the nominative fair use defense for dilution claims.[8] Accordingly, to the extent that Sturm has established nominative fair use against Keurig's Infringement Claims, it has established the defense for Keurig's dilution claim.

### III. CONCLUSION

For the foregoing reasons, Sturm respectfully renews its request that the Court dismiss Counts III, IV and VII through IX of Keurig's Second Amended Complaint pursuant to Rule 12(b)(6).

---

[8] Keurig's argument, that because it could not identify any on-point Third Circuit authority, does not support its conclusion that this Court lack's authority to dismiss Keurig's flawed dilution claim. *See* Pl. Opp. 7 (D.I.52). Even if it is accepted that this is a case of first impression in the Third Circuit, this Court is plainly free to follow the unchallenged federal precedents offered by Sturm establishing that the nominative fair use standard is identical for Infringement Claims and dilution claims. *See* Def. Br. 11 (D.I.47).

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Craig S. Fochler
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Tel: (312) 832-4500

Allen A. Arntsen
FOLEY & LARDNER LLP
Verex Plaza
150 East Gilman Street
Madison, WI 53703
Tel: (608) 257-5035

Dated:  January 3, 2011
995348 / 35644

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant Sturm Foods, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on January 3, 2011, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on January 3, 2011, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Karen Elizabeth Keller<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19899-0391<br>kkeller@ycst.com | Gerald B. Hrycyszyn<br>Michael A. Albert<br>Wolf, Greenfield & Sacks, P.C.<br>600 Atlantic Avenue<br>Boston, MA  02210<br>ghrycyszyn@wolfgreenfield.com<br>malbert@wolfgreenfield.com |

By:  /s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

987174/35644