

# Potter
# Anderson
# &Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

David E. Moore
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

February 18, 2011

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

    Re:    *Keurig, Inc. v. Sturm Foods, Inc.*, C.A. No. 10-841-SLR

Dear Judge Robinson:

    We write on behalf of our client, Sturm Foods, Inc. ("Sturm"), to respond to the citation of a case and argument made regarding it raised for the first time during the February 15th hearing held in the above identified action. *See* 2/15/11 Transcript at p. 64. More specifically, Sturm respectfully contends that Keurig's new reliance upon *Creative Labs Inc. v. Cyrix Corp.*, No. 97-cv-912, 1997 WL 337553, at *4 (N.D. Cal. May 7, 1997) (D.I. 54 at p. 37) is wholly misplaced.

    At the hearing, Keurig, in effect, contended that *Creative Labs* dealt with defects during the operation of the defendant's product, when, in fact, it dealt with whether the defendant's product could ever function with certain other products, *i.e.*, be compatible with them.

    In *Creative Labs*, plaintiff sold the market leader computer soundcard which interacted with computer hardware and software to generate sound effects. Defendant sold a computer microprocessor which generated sound effects without the aid of a sound card. Defendant marketed its microprocessor as being "compatible" and "fully compatible" with plaintiff's sound card. Plaintiff brought a false advertising claim. The basis for such claim was that there was certain software products which functioned with plaintiff's soundcard but which did not function with defendant's microprocessor.

    In tests conducted by plaintiff, defendant's microprocessor did not work with approximately 8% of software products with which it was tested (software which did work with plaintiff's product). Defendant argued that its "compatibility" claim was true notwithstanding the inability of its microprocessor to function with such software products because consumers would understand its "[plaintiff's product] compatible" claim to mean that defendant's product

The Honorable Sue L. Robinson
February 18, 2011
Page 2

"meets some, but not all, parts of a specification." Plaintiff offered evidence, and the court found, that *within the computer field*, defendant's claim that its product was "[plaintiff's product] compatible" meant that defendant's product supported the same functions as plaintiff's product. *Creative Labs*, at *3 (citing *Princeton Graphics Operating, L.P. v. NEC Home Electronics (U.S.A.), Inc.*, 732 F. Supp. 1258 (S.D.N.Y. 1990).[1] Consequently, because defendant's microprocessor was incapable of functioning with software products that would function with plaintiff's soundcard, defendant's "[plaintiff's product] compatible" claim was false.

In sharp contrast to *Creative Labs*, Sturm's claim that its coffee cartridges are "[f]or use by owners of Keurig coffee makers" is true because Sturm's cartridges in fact work in (*i.e.*, are compatible with) Keurig single serve coffee brewers. In the face of this obvious flaw in its false advertising claim, Keurig has changed from arguing that Sturm's cartridges are not Keurig brewer compatible, Pl. Br. at 1 (D.I. 11), to arguing that Sturm's statement "For use by owners of Keurig coffee makers" is a performance level claim, *i.e.*, as to the number of defects that would be found in Sturm cartridges. *See* Pl. Reply Br. at 5-9 (D.I. 33); *see also* Def. Surreply at 5-6 (D.I. 5-6). Unlike *Creative Labs*, however, Keurig offers no evidence that consumers will understand Sturm's claim to mean that Sturm cartridges are meeting the performance rates of Keurig's cartridges for defects, or any relevant evidence as to the defect rate for production cartridges of Sturm or, for that matter, of Keurig.

Respectfully,

*/s/ David E. Moore*

David E. Moore (#3983)

DEM/nmt
1001969/35644

cc: Clerk of the Court (via hand delivery)
Counsel of Record (via electronic mail)

---

[1] Tellingly, in *Princeton Graphics Operating, L.P.*, the court explicitly noted that it was not ruling that a compatibility claim had such a restrictive meaning outside the computer industry. 732 F. Supp. at 1261 & n. 8.